[Civ. No. 12948.   Second Dist., Div. Two.—April 24, 1941.]

EMMA B. CLAUSER, Respondent, v. GRACE A. TAYLOR, Appellant.

Clark & Morgan for Appellant.

C. E. Christopher for Respondent.

McCOMB, J.—This is an appeal by defendant from a judgment in favor of plaintiff after trial before the court without a jury in an action to rescind a transaction whereby plaintiff purchased certain real property from defendant.

These are the facts so far as material here:

Defendant owned two residential lots in Alhambra, California.   These lots, as defendant knew, had been filled with

debris in 1928, which, however, had been covered, and the fact that the lots had been filled did not appear from a casual examination of the property. Due to the fact that the lots had been filled, the cost of building on them was materially increased. In 1940 the lots were sold to plaintiff for $2,300. Plaintiff saw the lots but made no inquiry as to whether they were filled or not and neither defendant nor her agent made any representation concerning the lots. Upon discovering the fact that the lots had been filled, plaintiff tendered to defendant a deed to them and endeavored to rescind the transaction.

This is the sole question presented for determination:

*When a vendor sells real property, which he knows has been filled and the value of which is materially affected by such filling, without disclosing to the vendee the fact that such property has been filled, and the vendee makes no inquiry relative to whether or not the property has been filled, may the vendee rescind the transaction upon learning the true facts?*

■ This question must be answered in the affirmative. It is the law that, where material facts are accessible to the vendor only and he knows them not to be within the reach of the diligent attention and observation of the vendee, the vendor is bound to disclose such facts to the vendee, and upon his failure to do so, the vendee may rescind the transaction upon discovering the true state of facts (27 Ruling Case Law (1929) 367, sec. 67; 66 Cor. Jur. (1934) 575, sec. 124; see, also, *Conlan* v. *Sullivan*, 110 Cal. 624, 626 [42 Pac. 1081]; *O'Shea* v. *Morris*, 112 Neb. 102 [198 N. W. 866, 867]; Restatement of the Law of Contracts (1932), vol. 2, p. 897, sec. 472, subsec. b.).

Applying the foregoing rule to the facts of the instant case, it is apparent that defendant was aware of the fact that the property which she sold had been filled, which filling materially affected its value. Since this defect was not apparent to the observer, which fact was also known to defendant, she was under a duty to disclose the information to the vendee, and, upon her failure to do so, plaintiff was entitled, upon learning the true state of facts, to rescind the contract.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.