[Civ. No. 20444. Second Dist., Div. One. Feb. 21, 1955.]

C. T. KALLGREN et al., Respondents, v. FRED A. STEELE, Individually and as Administrator, etc., Appellant.

Sherman, Thompson & McCarthy and Walter W. Heil for Appellant.

Taylor F. Peterson for Respondents.

DRAPEAU, J.—Plaintiffs purchased from defendant Fred A. Steele and his wife (who is now dead) a resort in the San Bernardino mountains, consisting of a store, gasoline and service equipment, and several cabins. These improvements were located on United States government land in the San Bernardino National Forest, and along the state highway. For many years the resort had been known as "Bear Creek Lodge."

The improvements had been built upon the government land, and maintained there under a special use permit from the federal forest service, with an annual rental of $150. The permit provided that it could be terminated at any time for any reason by the forest service.

The purchase price of the lodge was $12,000, with $6,000 in cash, and the remainder in monthly installments of $100 or more.

At the time of the negotiations for the sale, the parties went to the office of the forest service and explained what they were doing. The forest service made no objection to the transfer of the permit to plaintiffs. Apparently the permit was continued in Mr. Steele's name until plaintiffs paid him the last installment on the purchase price.

Then the forest service notified plaintiffs that the permit would be revoked at the end of five years. The reasons given for this drastic action were that the store and cabins were too close to the state highway, that they were in very poor condition, and that they impaired scenic values.

This was the first time that plaintiffs learned that any part of Bear Creek Lodge was within or too close to the state right of way. Defendant, Mr. Steele, knew about it all the time, but said nothing about it to plaintiffs. And due to the location of the buildings on the side of a precipitous mountain canyon it is impossible to move them farther away from the state highway.

Thus the forest service put an end to all of plaintiff's rights in and to Bear Creek Lodge, except salvage value of the buildings if the cost of removing them should possibly be less than what they can be sold for.

Nothing in the record indicates that the state highway department was making any complaint about the purpresture.

Plaintiffs brought this action for damages from defendants for fraud in concealing the fact that the improvements were in part within the highway right of way. Findings in the superior court were for plaintiffs, with damages fixed at $6,369.

Defendant, Mr. Steele, appeals from the judgment, and from certain orders hereinafter mentioned.

Reading the record, it appears quite likely that none of the parties gave much consideration to what the forest service might or might not do about the permit, or that the improvements would ever have to be moved on account of the state right of way. Bear Creek Lodge had been there for 30 years, and the parties just went ahead, without realizing that the tenancy was subject to the whim of some government officer clothed with a little brief authority.

This case presents an interesting example of the exercise of bureaucratic powers. If the improvements were too close to the highway, if their condition was poor, and if they impaired scenic values, it would seem but fair that the forest service should have advised plaintiffs of the impending revoca-

tion of the permit. The forest service knew of the sale, and that plaintiffs were proposing to invest $12,000 in Bear Creek Lodge.

However, the function of evaluating testimony and determining the rights of litigants based upon such testimony is not committed to courts of review in California. It is without conflict in the record that Mr. Steele did not mention the fact that any part of the improvements were within the state right of way, although he knew about it; and it is without conflict that the buyers didn't know about it when they bought the property, and didn't find out about it until just before they made the last installment payment. Therefore, under familiar legal rules on appeal, this court is bound by the findings of the trial court, and may not disturb the judgment.

Defendant contends that the rule of *caveat emptor* is applicable in this case, and that there was no duty on his part to divulge any information to the plaintiffs. This contention is untenable in the law of fraud.

Fraud may consist in the misrepresentation or concealment of material facts, and may be inferred from the circumstances and condition of the parties contracting. (*Belden* v. *Henriques,* 8 Cal. 87.)

Deceit (fraud) is the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact. (Civ. Code, § 1710, subd. 3.)

As was said in *Kuhn* v. *Gottfried,* 103 Cal.App.2d 80 [229 P.2d 137]: "Concealment may constitute actionable fraud where a seller knows of facts which materially affect the desirability of property, which he knows are unknown to the buyer." (See cases digested in West's Annotated California Codes, Civ. Code, § 1710, subd. 3.)

In addition to appealing from the judgment, defendant further appeals from the following orders: (a) from an order denying his motion to reopen the case for the taking of further testimony; (b) from an order denying his motion to enter a new and different judgment; and (c) from an order denying his motion for a new trial.

An appeal may be taken from an order denying a motion to vacate and substitute another and different judgment. (*Douglas* v. *Westfall,* 113 Cal.App.2d 107 [248 P.2d 68].) Therefore, this order is affirmed.

The purported appeal from the other two orders (a and c above) is dismissed, for the reason that neither is appealable. (3 Cal.Jur.2d, pp. 468 and 500.)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.