[Civ. No. 22188.   Second Dist., Div. Two.   Apr. 29, 1957.]

ELDON G. BURKETT, Respondent, v. J. A. THOMPSON
AND SON (a Corporation) et al., Defendants; EDWARD
W. WICKER, Appellant.

Gray, Glass, Allen & Ransom and Dudley Gray for Appellant.

Dwain Tarbet for Respondent.

MOORE, P. J.—Appeal from a judgment for $5,450 damages resulting from an allegedly fraudulent sale of real property. A reversal is demanded on the ground that the evidence does not sustain a finding that defendant Wicker, through his agent, represented to his successor in interest that the house was built on original soil.

Lot 14 was on the side of a hill and was owned by Marlow Burns Land Company in May, 1946. The company employed J. A. Thompson and Son to fill the lot and grade it for the purpose of subdivision and sale. The grading and filling were finished the same month and Mr. Thompson filed his affidavit on June 26, 1946, with the Department of Building and Safety averring that the lot had been filled and compacted in accordance with engineering requirements for the construction of a one-story residential building. The lot was approved for such construction by the department on July 8, 1946.

During the period of filling and grading, Marlow Burns sold the lot to Robert A. Dewey. In October, 1950, the latter sold the lot to appellant. While Mr. Wicker was in possession, he employed one Bushman, a licensed building

contractor, to build thereon a one-story house and garage. At the same time, at appellant's request, Bushman called at the office of the Department of Building and Safety of Los Angeles and inquired with reference to Lot 14 and found from the records that the lot had a compacted fill and that it had been approved by both the City of Los Angeles and the Federal Housing Authority for the construction of a one-story residence. He communicated this information to appellant. Thereafter, he dug a trench for the foundation 12 inches by 14 inches and found no evidence of an improperly compacted fill. Neither did the city inspector, nor the loan inspector who approved the excavation before the cement was poured, find such evidence. From the communications of Bushman, appellant acquired a knowledge that Lot 14 was not only approved for a building site for a one-story residence, but also that the area beneath the surface was compacted, filled ground.

In February, 1951, appellant sold the property to Mr. and Mrs. George Pemmitt for $17,500 through William Hummell. Mrs. Pemmitt testified that the salesman told the buyers that the house had been built on the "*original land*" and that there was filled ground on only the back of the lot to a point eight feet from the porch. While Mrs. Pemmitt examined the premises with care she testified that she relied upon Hummell's statements and that she purchased the property solely because of her reliance upon his declarations, despite the fact that there was other testimony that the hilly character of the immediate vicinity would have suggested to any person who inspected the lot that it had been filled and graded. The trial court chose to believe Mrs. Pemmitt and we are bound by its decision in that respect.

There is no doubt that both appellant and his agent Hummell knew that the house was built on filled land. Appellant testified that he had been so informed by Bushman. Hummell indicated his own knowledge when he testified that in his opinion it was apparent to a casual observer that the house was located on filled land. He further testified that he never told the Pemmitts that the house was built on filled land.

Appellant argues that there was no fraud because Mrs. Pemmitt inspected the property and had knowledge that the house was built on filled land and therefore did not rely on Hummell's representation, citing *Carpenter* v. *Hamilton*, 18 Cal.App.2d 69, 71 [62 P.2d 1397]. But that case holds

only that the right to rely on representations ". . . does not exist where a purchaser chooses to inspect the property before purchase, and, in making such inspection, *learns the true facts* . . ." (Emphasis added.) ▉ In the case at bar Mrs. Pemmitt testified that she did not know the house was on filled land until after it was sold to respondent. The trial court believed this testimony and made its findings accordingly. It is not our prerogative to review and reevaluate the evidence. We cannot say that the findings of concealment and misrepresentation on the part of appellant, through his agent, are not supported by the evidence.

In July, 1953, the Pemmitts sold the house and lot to respondent for $21,000 and he occupied the premises. At a later time he observed that the back porch was off the foundation and in March, 1954, he caused five photographs to be taken which disclosed clearly the damaged condition of the house. Thereupon, the Pemmitts assigned the respondent their claim against appellant for damages resulting from soil subsidence, and respondent commenced this action alleging in his pleading that appellant had, prior to the sale to the Pemmitts, concealed the fact that the lot had been filled and not properly compacted, and did not reveal to the Pemmitts that the dwelling house had been "constructed on filled land." It was not alleged that appellant had represented to the Pemmitts that the residence on Lot 14 had been constructed on the original ground but the case was tried upon all three issues without objection. Thus we have two frauds alleged, to wit, one for concealment; one for a positive misrepresentation.

▉ Of course, fraud is complete where a vendor knowingly suppresses a serious vice of his property which the vendee had no reason to suspect. (*Rothstein* v. *Janss Inv. Corp.*, 45 Cal. App.2d 64, 68 [113 P.2d 465] ; *Clauser* v. *Taylor,* 44 Cal.App. 2d 453, 454 [112 P.2d 661].) ▉ Where material facts are accessible to the vendor only and he knows them to be not "within the reach of the diligent attention and observation of the vendee, the vendor is bound to disclose such facts to the vendee" and where he fails to do so, a prompt rescission by the vendee will be adjudged. (*Clauser* v. *Taylor, supra.*) The evidence showed that the water main broke at 2 a. m.; that the house was in a damaged condition; that a penetrometer test of the subsurface established that the degree of compaction beneath the house was not as high as it should have been if properly tamped; that the fill increased toward the rear.

Not only did appellant conceal from the Pemmitts the true condition of the ground beneath his house, but at the time he was negotiating a sale his agent told Mrs. Pemmitt that the house stands on the original soil. Her testimony to that effect was adopted by the court and the denials of Mr. Hummell are unavailing. ■ It is hornbook law that reliance by a vendee upon a positive, false, material representation entitles the vendee to recover. This is especially true where the vendee is not competent to judge the facts without expert advice. (*Bagdasarian* v. *Gragnon,* 31 Cal.2d 744, 748 [192 P.2d 935]; *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 434 [159 P.2d 958].) Mrs. Pemmitt testified that she did not know the house was built on filled ground. ■ Whether she acted with reasonable reliance upon the representation was a question for the trial court's decision. (*Sanders* v. *Park Beverly Corp.,* 109 Cal.App.2d 698, 702 [241 P.2d 597].)

■ Appellant assigns as prejudicial error the award of $5,450 as the damage suffered by respondent as a result of the fraud. The damages are neither speculative nor excessive. The proof was that when Mrs. Pemmitt purchased the property for $17,500, it was worth $7,800. ■ She testified as to the value at a time when she was owner. She was competent to give such testimony. (*Long Beach City High Sch. Dist.* v. *Stewart,* 30 Cal.2d 763, 772 [185 P.2d 585, 173 A.L.R. 249].) Also, the proof was that when respondent purchased the lot, it was worth from $10,000 to $11,000. ■ He was entitled to recover the "out-of-pocket loss," or the difference between the price Mrs. Pemmitt paid and the actual value at the time she made the purchase. (Civ. Code, § 3343; *Bagdasarian* v. *Gragnon, supra,* 31 Cal.2d 744, 759-760.) Such difference is greater than the award.

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 26, 1957.