[Civ. No. 27700. Second Dist., Div. Two. May 25, 1964.]

HERBERT ENOCH et al., Plaintiffs and Appellants, v. DORIS LOTHROP, Defendant and Respondent.

Nathan Goller for Plaintiffs and Appellants.

Wallner & Miller and Charles J. Miller for Defendant and Respondent.

ROTH, J.— This action as filed was against respondent Doris Lothrop, respondent's mother Lena Borman (Borman) and some Does as defendants, for damages. The complaint alleged among other things that respondent consented to and did on April 3, 1962, accept as a gift, with intent to defraud appellants, a written assignment of a promissory note and deed of trust from Borman, who had prior thereto, to wit: on March 13, 1962, entered into a written contract with appellants wherein it was provided that the note would be satisfied in a manner entirely different from the terms set out on the face of the note.

Respondent moved for summary judgment. The motion was granted. The appeal is from the summary judgment.

There is no evidence in the record to show that respondent knew of Borman's contract of March 13 with appellants. It is also clear that appellants did not know of the assignment from mother to daughter until on or about August 15, 1962.

The affidavits filed by respondent in support of her motion for summary judgment disclosed the following uncontradicted facts:

The note and trust deed originally dated August 10, 1961, were, as indicated above, gratuitously assigned to respondent on April 3, 1962. On August 15, 1962, appellants contacted respondent who resided in Sacramento and expressed a desire to pay the note in full. Pursuant to appointment made in the telephone conversation referred to, on August 17 respondent met appellant Schorin in Sacramento. Respondent refused a request for a discount of the interest on the note and a discount in the amount of the plane fare. The parties then entered into an escrow providing for the reconveyance of the deed of trust upon payment of the face value of the note. Appellants did not advise respondent of their contract dated March 13 with Borman, and at no time suggested to respondent that the note be satisfied in any manner other than as required by the note. At no time was any demand made upon respondent by appellants or anyone else to do anything except place the promissory note and deed of trust in escrow so that the note could be satisfied. Respondent denied knowledge of the agreement of March 13,

1962, or of any agreement between appellants and defendant Borman.

In opposition to the showing of respondent, appellants filed a number of declarations. By declaration of Herbert Enoch, which for all practical purposes summarizes appellants' factual position, it is declared that Borman made the assignment referred to in bad faith (to relieve herself of the obligation of the March 13th contract). Enoch declares further and respondent admits that when respondent notified appellants of the assignment and demanded the interest due on the note, she made no mention of the fact that she was the daughter of Borman and had received the note and trust deed as a gift. Enoch also asserted that in a telephone conversation between appellants' attorney and respondent, respondent stated that she was the purchaser of the note. Enoch declares that in that same conversation an offer was made to pay the face value of the note and arrange an escrow and work out the details for a reconveyance of the property described in the trust deed.

Enoch declared further: "Thereafter, on or about the 17th day of August, 1962, WILLIAM SCHORIN returned from Sacramento and advised declarant that there was a strong resemblance between defendant LENA BORMAN and defendant DORIS E. LOTHROP and from their evasive attitude in Sacramento concerning the circumstances surrounding the transaction between defendant LENA BORMAN and DORIS E. LOTHROP, he was certain that they were related and the conveyance made solely to defraud plaintiffs and enable defendant DORIS E. LOTHROP [*sic*] to evade her legal responsibility."

It should be noted in respect of the declaration filed on behalf of appellants that appellants' attorney filed no declaration. Enoch's statement that respondent in a conversation with appellants' attorney said she bought the note is hearsay and not probative.

The decisive question on this appeal is the contention of appellants that respondent did not disclose to them she was the daughter of Borman and that the assignment was gratuitous.

In *Lingsch* v. *Savage,* 213 Cal.App.2d 729, 735 [29 Cal. Rptr. 201], the court held that in order to impose liability for nondisclosure there must be a legal duty to disclose. The trial judge in a memorandum opinion ruled that" ... no principle of law ... imposes upon the holder of a note ... the duty to disclose to the maker or obligor any relationship

between the holder and the original payee, especially where the non-disclosure does not result in the accomplishment of fraud or other legal injury. . . .''

In *Lingsch* there was a duty imposed to prevent the unjust enrichment of sellers of land who would otherwise profit from their silence. Applying the principle of *Lingsch* to the facts here, the trial judge said:

''There was no entrapment here. The [appellants], for their own prospective advantage, wished to pay off a note and get a release of a trust deed.'' Appellants urged in the trial court as they do here that even if there is no duty to speak, one must make a full disclosure if he does speak. (*Rogers* v. *Warden,* 20 Cal.2d 286, 289 [125 P.2d 7].) The rule is conceded. It has, however, no application to a situation such as the one at bar where one merely accepts payment of an honest debt.

Some of the statements made in declarations made on behalf of appellants are conclusions drawn ostensibly from the relationship of mother and daughter and the fact that the assignment of the note was gratuitous. The record, however, is completely devoid of any probative evidence other than the bare relationship and the gift (which is actually consistent with the relationship) to support the conclusions appellants desire the court to draw. Appellants do not claim that respondent knew of the contract of March 13, 1962, nor do they claim that any demand was ever made on respondent by any of them to comply with any of the rights which they claim arose in their favor by reason of the contract of March 13, 1962.

It is settled that a gratuitous assignee stands in the shoes of the assignor and takes subject to any setoff or other defense available against the assignor. (Code Civ. Proc., § 368.) In respect of this point the trial judge stated: '' . . . neither section 368, Code of Civil Procedure, nor any other law . . . says that the acceptance of a gratuitous assignment imposes any direct affirmative liability upon the assignee, nor any liability to assist the holder of any 'setoff' to collect such setoff from the assignor.'' We agree.

A summary judgment is proper when the supporting declarations or affidavits state facts sufficient to sustain a judgment and the counterdeclarations or affidavits do not proffer competent and sufficient evidence to present a triable issue of fact. (*Snider* v. *Snider,* 200 Cal.App.2d 741, 748 [19

Cal.Rptr. 709].) ▆▆▆ In the case at bar no triable issue of fact as to respondent is presented.

Judgment is affirmed.

Herndon, Acting P. J., and Ashburn, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 22, 1964.

*Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.