**June BRICKMAN, Plaintiff—Appellant,**

v.

**Geoffrey M. SCHEITLIN, an individual, et al., Defendants—Appellees.**

Nos. 01–56040, 01–56763.
D.C. No. CV–00–08351–ER.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2002.

Decided Feb. 11, 2003.

Before HALL, SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant June Brickman appeals the orders of the district court granting sum-

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

mary judgment against her and awarding attorneys fees to appellees Geoffrey and Cynthia Scheitlin as the prevailing parties. Brickman brought this diversity case alleging fraud, breach of contract, and other state-law causes of action in connection with her purchase of a home from the Scheitlins. In our view, disputed issues of fact precluded the granting of summary judgment. We reverse the district court and remand for trial, and we reverse the order granting attorneys' fees.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo a district court's grant of summary judgment. *Lawson v. Washington*, 296 F.3d 799, 803 (9th Cir.2002).

Because the parties are familiar with the facts, we will not recount them in detail. Under California law, a seller of real estate has a duty to disclose any known facts that will materially affect the "value or desirability of the property" if the seller "also knows that such facts are not known to, or within the reach of the diligent attention and observation of the buyer." *Lingsch v. Savage*, 213 Cal.App.2d 729, 735, 29 Cal.Rptr. 201 (1963). Brickman came forward with evidence that the Scheitlins knew, but failed to disclose to Brickman, that the sewer line did not work properly, and that water pooled against the back of the house due to improper drainage.

California Civil Code § 1102 requires a seller to disclose all significant defects that are known to the seller. An "as is" sale puts the buyer on notice that she is taking the property "with all its obvious and patent defects," but it does not absolve the seller of the duty to disclose concealed defects of which he is aware. *Loughrin v. Superior Court*, 15 Cal.App.4th 1188, 1196, 19 Cal.Rptr.2d 161 (1993). What the buy-

er and seller each knew, or should have known, is a critical fact. Brickman came forward with evidence that the Scheitlins knew of, and failed to disclose, serious latent problems with the sewer line and the drainage—problems of which Brickman says she was unaware. Although Brickman had obtained a property inspection report prior to completing the purchase, that is not the end of the matter. Whether Brickman, armed with her inspection report, knew or should have known of the existence of these problems, and especially of their extent, is a fact-intensive inquiry, one that, in our view, is not resolvable by summary judgment on this record.

Because we reverse the grant of summary judgment on the merits, we also reverse the award of attorneys' fees.

REVERSED AND REMANDED.

RAWLINSON, Circuit Judge, Dissenting.

RAWLINSON, Circuit Judge.

The Plaintiffs purchased the residential property in question " 'AS IS,' in its present physical condition." In addition to the specific disclosures made by the sellers in their disclosure statement, the parties expressly agreed that "inspection reports completed pursuant to the contract of sale" would "satisfy [sellers'] disclosure obligations."

Plaintiffs subsequently commissioned a comprehensive inspection encompassing "the grounds, including evidence of soil erosion and surface drainage patterns."

Ms. Brickman acknowledged that the inspector pointed out drainage problems at the exterior of the home, and recommended consulting a "qualified plumbing contractor" to determine the "need to re-

pipe the entire house." With that knowledge, it cannot be said that the sewer and drainage problems referenced by the majority were "not known to, or within the reach of the diligent attention and observation of the buyer." *Alexander v. McKnight,* 7 Cal.App.4th 973, 977, 9 Cal. Rptr.2d 453 (1992) (citation omitted).

The majority's analysis in this case unfortunately fosters a "see no evil" approach on the part of the buyer. Accordingly, I respectfully dissent.