Filed 2/26/14  Shalchi v. Brothers CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MASOUD SAIED SHALCHI<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KAMYAR KEN BROTHERS,<br><br>    Defendant and Appellant. | B245289<br><br>(Los Angeles County<br> Super. Ct. No. SC099986) |

APPEAL from an order of the Superior Court of Los Angeles County.  Linda K. Lefkowitz, Judge.  Reversed.

Law Office of Bruce Benjamin, Bruce Benjamin, Defendant and Appellant.

Joseph West, for Plaintiff and Respondent.

_____

A seller of real property failed to make statutorily mandated disclosures regarding—in fact affirmatively misrepresented—the condition of the property on a statutory transfer disclosure statement. However, the seller also disclosed to the buyer's agent the true state of the property. After a court trial, judgment was entered in favor of the buyer in the amount of $100,000. On appeal, the seller contends: (1) his failure to disclose did not cause the buyer's damages because the buyer's agent was aware of the true condition of the property, which knowledge must be imputed to the buyer under general principles of agency law; and (2) the damages award was unsupported by substantial evidence. We agree with the first contention and find the second to be moot. Accordingly, we reverse.

## BACKGROUND

Appellant Kamyar Ken Brothers sold a three-unit residential building in the City of Santa Monica to respondent Masoud Shalchi in 2005. Brothers was represented in the transaction by Ms. Shahla Shafii, a realtor with Remax on the Boulevard (Remax), a real estate broker. Shalchi was represented in the transaction by Ms. Shahla Kamrani, also a Remax real estate agent. Both Shalchi and Brothers testified they were unsophisticated in real estate and did not participate meaningfully in the transaction, leaving the particulars to their respective agents. Shalchi and Brothers never spoke to each other until sometime in 2008, and never met personally until the day of trial in January 2012.

On July 23, 2005, Shalchi made an offer of $1,200,000 on the property. On July 27, Brothers counteroffered $1,250,000. Included in the counteroffer was the following notation: "All permits and work completed. Delivered at close of escrow."

On August 8, 2005, Brothers executed a written transfer disclosure statement mandated by Civil Code section 1102.3[1] detailing whether Brothers was aware of certain

---

[1] Civil Code section 1102.3 requires a transferor of real property to deliver to a prospective transferee a written statement, in accordance with the legislatively mandated form provided in Civil Code section 1102.6, detailing whether the transferor is aware of certain legislatively enumerated defects associated with the property.

2

legislatively enumerated defects associated with the property. In the statement, Brothers stated he was unaware of: Any "[r]oom additions, structural modifications, or other alterations or repairs made without necessary permits"; [r]oom additions, structural modifications, or other alterations or repairs not in compliance with building codes"; or "[a]ny notices of abatement or citations against the property." This representation was false. Brothers and Shafii had both been notified by the City of Santa Monica that there was unpermitted construction on the property.

Although he had signed and initialed the transfer disclosure statement, Brothers testified he had no personal knowledge about the state of the property, had provided none of the disclosure information, and did not read the statement before signing it. He testified Kamrani, Shalchi's agent, had filled out the form, presented it to him, and told him where to initial and sign. Shafii corroborated this sequence of events, testifying she had asked Kamrani to present the transfer disclosure statement to Brothers because she was out of town. Kamrani denied filling out Brothers's disclosure statement.

Kamrani testified she presented Brothers's transfer disclosure statement to Shalchi. She read it to him line by line, and he retained a copy. Shalchi denied this.

Shafii testified she later notified Kamrani of the unpermitted construction and created an amendment to the purchase agreement rectifying Brothers's misrepresentations. Kamrani corroborated the existence of such a document, but neither broker was able to produce it at trial, and the court found it did not exist.

Before close of escrow, Kamrani, Shafii and Shalchi met at Shalchi's restaurant to discuss the transaction, particularly the state of unpermitted construction on the property. Kamrani and Shafii testified they disclosed to Shalchi at that time that there was some unpermitted and improper construction on the property that would not be remediated before the close of escrow, and Shalchi said he would complete the work himself. Shalchi admitted the meeting took place but denied that disclosures were made or he agreed to complete to remedy the property defects. The trial court ultimately discounted most of the agents' testimony, finding it to be of dubious veracity.

3

Escrow closed on September 30, 2006.

In January 2006, the City of Santa Monica sent Shalchi a compliance order stating the property had been inspected in December 2004 and was found to be in violation of the city's municipal code due to several unpermitted and improper modifications and deficiencies. The order indicated conversion of one or more units on the property lacked permits, construction on one or more units was improper, and at least one of the units lacked an electrical meter. In July 2006, Shalchi received a "final notice" from the City of Santa Monica stating he potentially faced penalties in the amount of $2,500 to $4,999 for each day he failed to remediate the alleged deficiencies.

In 2008, Shalchi sued Brothers and Remax, asserting causes of action for fraud, breach of fiduciary duty, negligence, and violation of Civil Code section 1102 et seq., the real estate disclosure laws.[2] Kamrani and Shafii were never parties, and Remax was dismissed before trial. Shalchi alleged Brothers and the Remax agents knew of but failed to disclose to him the property's permit and construction defects. He alleged he would have negotiated a lower price for the property had he known the defects existed, and one tenant refused to pay more than half the agreed rent due to the defects.

At a court trial, Brothers admitted he knew about the property defects before the sale and failed to make disclosures required by section 1102 et seq., but argued his failure to do so did not cause Shalchi's damages because Kamrani, Shalchi's agent in the transaction, knew of the property defects, and her knowledge must be imputed to Shalchi as a matter of law. Brothers also denied that Shalchi's damages amounted to $100,000.

After Shalchi rested and Brothers had presented some evidence, Shalchi's counsel requested permission to recall Lisa King, an experienced real estate and mortgage broker and financial planner who previously testified about a seller's disclosure responsibilities under section 1102. Brothers's counsel offered no objection. King testified the purchase price of real property such as the one at issue is generally discounted from 150 to 200

_____

[2] Undesignated statutory references will be to the Civil Code.

4

percent of the estimated cost of expected necessary repairs. She estimated the value of Brothers's property was worth between $100,000 and $150,000 less than it would have been had the defects been remediated by the seller.

The trial court rejected Brothers's theory that Kamrani's knowledge of the property defects must be imputed to Shalchi, finding an exception to the doctrine of imputed knowledge existed because it was in "the interest of [Kamrani] to consummate the sale of the involved property for purposes of [her] own profit."[3]

The court nevertheless ruled against Shalchi on his cause of action for fraud, finding Brothers could not be held liable because he did not personally know that false disclosures had been made on the transfer disclosure statement, but instead relied on Shafii, who knowingly created the statement.[4] Shalchi does not appeal this ruling.

---

[3] Shalchi does not argue on appeal that an exception to the doctrine of imputed knowledge exists where a real estate agent stands to profit from a sale.

[4] But see section 1572: "Actual fraud . . . consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent . . . to induce [another party thereto] to enter into the contract: [¶] 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; [¶] 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; [¶] 3. The suppression of that which is true, by one having knowledge or belief of the fact." (See also *Lingsch v. Savage* (1963) 213 Cal.App.2d 729, 736 [real property seller's failure to disclose constitutes actual fraud].)

See also section 1573: "Constructive fraud consists: [¶] 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault . . . by misleading another to his prejudice . . . ."

See also section 2338 (a principal liable is for an agent's willful omissions) and *Ach v. Finkelstein* (1968) 264 Cal.App.2d 667, 677 (where an agent procures a sale of property by means of fraud, the seller is liable even though innocent of personally participating in the fraud).

5

However, the court found Shalchi was damaged by Brothers's *negligent* failure to make statutory disclosures, and awarded him $100,000. Judgment was entered accordingly on Shalchi's statutory cause of action, which Brothers now appeals.

## DISCUSSION

### 1. Shalchi's Reliance on Brothers's Section 1102 Disclosure

Brothers contends his breach of statutory duties to make real estate transfer discloses did not cause Shalchi's damages because Kamrani, Shalchi's agent, knew of the defects at issue, and her knowledge must be imputed to Shalchi as a matter of law. We agree.

A transferor of real estate must deliver to the prospective transferee, prior to transfer of title, a written statement set forth in a statutorily prescribed "transfer disclosure form" attesting to whether the seller is aware of certain legislatively enumerated defects (§ 1102.3), including "[r]oom additions, structural modifications, or other alterations or repairs" either "made without necessary permits" or "not in compliance with building codes," and any "notices of abatement or citations against the property" (§ 1102.6 [providing the disclosure form to be used]). A transferor of real property who "negligently violates or fails to perform any duty prescribed by" section 1102 et seq. "shall be liable in the amount of actual damages suffered by a transferee." (§ 1102.13.)[5]

Brothers indicated on the section 1102.6 transfer disclosure statement that he was unaware of any "[r]oom additions, structural modifications, or other alterations or repairs made without necessary permits"; [r]oom additions, structural modifications, or other alterations or repairs not in compliance with building codes"; or "[a]ny notices of

---

[5] A seller also has a common law duty to disclose defects materially affecting the market value of real property when the seller is aware of the defects and knows the buyer is ignorant of them and would not discover them in the exercise of reasonable diligence. (*Shapiro v. Sutherland* (1998) 64 Cal.App.4th 1534, 1544.) "A breach of this duty of disclosure will give rise to a cause of action for both rescission and damages." (*Ibid*.)

abatement or citations against the property." This representation was false, as he had received notice from the City of Santa Monica that there were unpermitted and improper modifications to the property.

To establish he suffered damages as a result of Brothers's misrepresentation or omission Shalchi must show he justifiably relied on Brothers's statements or silence. "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239; *Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1093 ["One need only prove that, had the omitted information been disclosed, one would have been aware of it and behaved differently."].) "[T]he issue is whether the person who claims reliance was justified in believing the representation in the light of his own knowledge and experience." (*Gray v. Don Miller & Associates, Inc*. (1984) 35 Cal.3d 498, 503.) "[T]he plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact." (*Marketing West, Inc. v. Sanyo Fisher (USA) Corp*. (1992) 6 Cal.App.4th 603, 613.)

Whether Shalchi reasonably relied on Brothers's section 1102 disclosure is a question of fact for the finder of fact, "'and may be decided as a matter of law only if the facts permit reasonable minds to come to just one conclusion.' [Citation.]" (*Grisham v. Philip Morris U.S.A., Inc*. (2007) 40 Cal.4th 623, 637-638.) Substantial evidence must be reasonable, credible, and of ponderable legal significance. We resolve conflicts in the evidence in favor of the respondent and draw in favor of the judgment all reasonable inferences. (*Kuhn v. Department of General Services* (1994) 22 Cal.App.4th 1627, 1632-1633.)

Here, Shalchi could not justifiably rely on Brothers's statements to the effect that no unpermitted construction existed on the property because Kamrani, his agent, knew of the nondisclosed defects, which knowledge is imputed to Shalchi.

7

As a general rule, "both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." (§ 2332.) Therefore, "notice to an agent in course of a transaction is constructive notice to the principal, and it will not avail the latter to show that the agent failed to communicate to him what he was told." (*Watson v. Sutro* (1890) 86 Cal. 500, 523.) "This constructive notice, when it exists, is irrebuttable. It is not merely *prima facie* evidence, for then it could be rebutted. It is conclusive against the truth of the fact . . . ." (*Ibid*.) The justification for the rule of imputation is that a principal's agent links the principal to the external world for the purpose of taking action, including the acquisition of material facts. (Rest.3d Agency, § 5.03.) "An agent also has a duty, unless otherwise agreed, to use reasonable effort to transmit material facts to the principal . . . ." (*Ibid.*; § 2079.16.) "A principal's right to control an agent enables the principal to consider whether and how best to monitor agents to ensure compliance with these duties. . . . [¶] Imputation creates incentives for a principal to choose agents carefully and to use care in delegating functions to them. Additionally, imputation encourages a principal to develop effective procedures for the transmission of material facts, while discouraging practices that isolate the principal or coagents from facts known to an agent." (Rest.3d Agency, § 5.03.)

The trial court found Kamrani possessed information that falsified Brothers's section 1102 disclosure. When asked at trial about a notation in Brothers's counteroffer that stated, "All permits and work completed. Delivered at close of escrow," Kamrani testified she knew the statement was false, and that permit and construction issues would not be resolved before escrow closed. Although on cross-examination Kamrani testified she did not know of any property defect when she delivered Brothers's section 1102 disclosure statement to Shalchi, the trial court disbelieved the exculpatory portions of her testimony and found she "provid[ed] a disclosure form [she] knew was in error." We must therefore accept as established that Kamrani knew Brothers's section 1102 disclosure was false.

8

Kamrani's knowledge is imputed to Shalchi, and put him on inquiry notice to discover the true state of affairs. "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (§ 19.)

Shalchi had actual knowledge, imputed from his agent, that Brothers's representations regarding nonpermitted construction on the property were false. He was obligated to inquire as to whether there was in fact unpermitted construction on the property. By operation of law, he is charged with constructive notice of the fruit of that inquiry: there was, in fact, unpermitted construction. He thus could not reasonably rely on Brothers's transfer disclosure statement, and was damaged not by Brothers's misrepresentations therein but by his decision to go forward with the transaction despite them.

The judgment in favor of Shalchi must therefore be reversed.

## 2. Damages

Brothers contends no evidence supported the $100,000 damages award. Given the above discussion, this issue is moot.

## DISPOSITION

The judgment is reversed. Appellant is to recover his costs on appeal.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, Acting P. J.          MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9