[No. 1227, August 10, 1910.]

GEORGE K. NEHER, Appellant, v. ANGELO VIVIANI et al, Appellees.

### SYLLABUS.

1. Upon evidence of extrinsic facts showing uncertainty as to time of completion, it was a question of fact for the jury whether or not the building was completed within a reasonable time.

2. Use of the words "extravagant and unnecessary," in an instruction, as to the cost of a building, is supported by evidence disclosing that in the accounts submitted to show that the value of the building was $30,000, as required

by the contract, numerous charges were included which had no relation to the construction of the building, such, for instance, as printing tickets, court costs, hack fare.

3. The "piano, furniture, carpets and similar articles, movable and practically as well adapted to use elsewhere," cannot be said to be a necessary part of a theater building.

4. A written agreement is for the court to construe and not for the jury.

5. Requested instructions referring to furniture and appointments, which ignore the distinction drawn as to whether or not they were of a fixed and permanent nature or movable, declared incorrect upon the question of the value of the building.

6. Receipts are not the best evidence that the articles for which they were supposed to represent payment, were used in the construction of a building and formed a legitimate part of its alleged cost.

7. Assignments of error must be specific.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice.   Affirmed.

E. W. DOBSON for Appellant.

Where contract is silent as to time in which building should be completed and the evidence with reference to the completion and date thereof is undisputed, it is error for the court to submit the question to the jury whether or not it was completed in reasonable time.   Fleischner, Mayer. & Co. v. Kubli, 20 Or. 339, 25 Pac. 1086; Howell v. Johnson, 38 Ore. 571, 64 Pac. 659; Goltra v. Penland, 77 Pac. 131, Ore.; Gilmore v. Wilbur, 22 Am. Dec. 413, 12 Pick. 120; Morse v. Bellows, 28 Am. Dec. 377, 7 N. H. 549; Bowen v. Detroit City St. Ry. Co., 20 N. W. 562, 54 Mich. 496; McFadden v. Henderson, 29 Southern 642, Ala.; 2 Parsons on Contracts, 9th ed., 687, 688, bottom paging, sec. 535; id. bottom paging 813, sec. 661.

No instruction should be given which assumes as a

matter of fact that which is not conceded or established by uncontradicted evidence. United States v. Breitling, 20 How. 254, 15 Co-op. ed. 900; Bank v. Elred, 9 Wall. 544; Bank v. Hunt, 11 Wall. 391; Tracy v. Swartout, 10 Peters 97; Railroad Co. v. Gladmon, 15 Wall. 409; 1 Blashfield Inst. to Juries, sec. 33 and cases cited in the notes.

Where the terms of a promise admit of more senses than one, it is to be interpreted in the sense in which the promisor had reason to suppose it was understood by the promisee. Potter v. Berthelet, 20 Fed. Rep. 243; White v. Hoyt, 73 N. Y. 506; 1 Thompson on Trials, sec. 1081, p. 838, and cases cited in note 3 to the text; Canal Co. v. Hill, 15 Wall. 94; Etting v. Bank, 11 Wheat. 59; Barreda v. Silsbee, 21 How. 146, especially 170; 1 Blashfield Inst. to Juries, sec. 33 and cases cited.

THOMAS N. WILKERSON for Appellee.

Whether building was completed in reasonable time, in the absence of definite testimony as to date of its completion, is a question for the jury. A. & E. Enc. Law, vol. 23, pp. 565, 566, 585, and authorities cited.

### STATEMENT OF THE CASE.

Appellant, plaintiff below, filed his complaint against Angelo Viviani and Lorenzo Gradi, and the Bank of Commerce, alleging that on February 4, 1899, said Viviani and Gradi, with one Lombardo, entered into an agreement with one, Frank P. McClure, a copy of the agreement being as follows:

"We, the undersigned, agree to guarantee to Frank P. McClure ($3,000.00) three thousand dollars, to be paid to the said Frank P. McClure when he has foundation completed for the new proposed opera house to be located on Third street, between Copper avenue and Tijeras road.

"We further agree to guarantee the said Frank P. McClure a clear title to the property as set forth in the warranty deeds made for the same, one from A. Viviani and one from Peter Badaracco to the said Frank P. McClure,

also to pay the said Frank P. McClure any amount of money that he may lose by Joe Badarraco or Peter Badaracco interfering, in any way, with the title to the above mentioned property."

The complaint further alleges that the consideration for the agreement was that McClure should erect an opera house on a certain tract of land in Albuquerque, described in paragraph 1, page 4 of the record. That in pursuance of said agreement deeds to said land were deposited in escrow with the Bank of Commerce, under an escrow agreement containing the following clauses:

"These warranty deeds are placed in escrow with your bank with the following instructions, to-wit: In case of the said Frank P. McClure erecting, building and completing a modern $30,000 theater building upon the premises described in the warranty deeds made to him as grantee, then you shall deliver to the respective grantees the respective deeds; *Provided, however,* That the amounts specified to be paid in the respective deeds to the respective grantors has been paid as set forth in said deeds. Further, the said grantors shall have the right to use such portion of the theater building wall, or party walls that may come upon the dividing line between the respective owners.

"In event of the said Frank P. McClure not erecting, building and completing or causing to be erected, built and completed upon the said premises said theater building, and provided further, that if the erection thereof is not started within thirty days after the date of this escrow, then in that event, you are to deliver the respective deeds to the respective grantors."

The bank was to deliver the deeds to said McClure, and a deed for an alley sixteen feet to the city of Albuquerque, provided said McClure, or his heirs or representatives, should construct a theater building on said premises, work to be commenced within ninety days from the date of a notice provided for.

The complaint further alleges, that work was commenced within said time and that said agreement was fully complied with; and further alleges that McClure assigned and conveyed to plaintiff, for a valuable consideration, all

his right, title and interest in said agreement and guaranty, and also conveyed to him his interest in said land. It then alleges that defendants notified said bank not to deliver the deeds to plaintiff, and that the bank refused to do so; and prayed that the bank be compelled to deliver the deeds to plaintiff and that his title to said premises be quieted.

There is a second count in the complaint, which repeats the allegations of the first count to the prayer for relief, and further alleges, that after the making of said guarantee, the title to a portion of said premises, which defendants had guaranteed, failed and was, in a separate proceeding, decreed to be in one Joseph Badaracco; that thereby said land was lost to plaintiff and he sustained a loss and prayed judgment for $3,000.00 damages.

The amount prayed for was originally $1,000 but on a former trial of the case, the same was amended, increasing the claim for damages to $3,000.

After a demurrer to the complaint and a motion for a bill of particulars had been overruled, defendants filed an answer admitting the execution of the agreement alleged, and that work was commenced within ninety days, but denying that the work was prosecuted to completion, and denying that a modern theater building was erected of the value of thirty thousand dollars, as contemplated by the contract; denying that the plaintiff became the successor to the rights of said McClure by virtue of the deeds given by McClure; and denying that plaintiff is entitled to receive said deeds from said bank.

The answer further admits the failure of the title, as alleged, but denies that McClure or plaintiff ever complied with the contract, by the erection and completion of the theater building; denies that the plaintiff ever became entitled to said deed or the property, and denies injury to the plaintiff or that he is entitled to any relief whatever.

Paragraph 9 of the answer, which attacked the assignment by McClure to the plaintiff, was demurred to, and the demurrer being sustained, the paragraph was eliminated.

On the 1st day of October, 1906, the cause was tried before a jury and a verdict for the defendants was rendered.

A motion for a new trial was filed and denied, and judgment upon the verdict was rendered by the court.

From this judgment the plaintiff, in the court below, appealed to this court.

## OPINION OF THE COURT.

McFIE, J.—Numerous errors have been assigned in this case, but only a few of them seem to be relied upon by the appellant, and those relied upon are discussed in appellant's brief.

The first point contended for by the appellant involves the sixth and twelfth paragraphs of the court's instructions to the jury. The sixth instruction was as follows:

"6. The agreement does not specify any time within which the building provided for should be completed, and you are instructed that its requirements were complied with in that particular if it was completed within a reasonable time and before this suit was brought."

It is urged that this instruction was erroneous, in that it was left to the jury to determine, as a question of fact, whether or not the theater building was completed within a reasonable time.

As will be observed, the agreement is silent as to the time within which the theater building was to be completed. Counsel contend that there was no dispute as to the time of the completion, and, therefore, it was a question of law for the court and not of fact for the jury.

If there had been no dispute as to the time when this agreement was fully performed, counsel's position would be well sustained by the authorities referred to in his brief; but the evidence discloses a conflict as to the time of completion of the building. McClure fixes the date June 10, 1899, Neher, at first, thought this was the time, but on resuming the stand he was asked the question: "Was it, (the building), completed before 1900?" Answer. "I do not think it was." Neher further testified that he purchased the property from McClure, December 28, 1899, and the accounts produced in evidence show that a large amount of work was done during the year 1900, some

of the accounts and receipts bearing date of October and December, 1900.

This evidence corroborates the testimony of Mr. Neher and shows the testimony of Mr. McClure to be incorrect as to the completion of the building June 10, 1899.

Mr. Neher's testimony is wholly uncertain as to the time of completion, as he only says, he does not think it was finished before 1900. Upon the evidence of these extrinsic facts showing uncertainty as to time of completion, it was a question of fact for the jury as to whether or not the building was completed within a reasonable time. The court in these instructions submitted this question to the jury, and we think properly. Cyc., Vol. 9, page 614; Hagerman v. Cowles, 94 Pac. 946.

The next point insisted upon as error is the court's instruction No. 13, which is as follows:

"By the cost of the building, with the portion of the equipment already defined, is meant its reasonable cost, its proper cost, and not what the cost might become through improvement, extravagant or unnecessary expenditures. Stated concisely, your duty is to find, upon the evidence and the instructions given you, whether the plaintiff and his assignor, McClure, erected a "modern thirty thousand dollar theater building" under said agreement or did not. If you find in the affirmative, of that issue, you should determine, from the evidence, the damage which the plaintiff suffered from the failure of title described in the evidence."

The only criticism of this instruction, is, that there was no evidence to support the use of the words "extravagant and unnecessary." The evidence discloses that in the accounts submitted, tending to show that the value of the theater building was thirty thousand dollars, as required by the contract, numerous charges were inclined which have no relation to the construction of the building; such, for instance, as printing tickets, court costs, hack fare, etc. Such expenditures were clearly unnecessary and, while they may not be extravagant in a technical sense, we cannot see how this instruction would be prejudicial to the appellant, as the court was simply

directing the jury that in ascertaining the value of the constructed building, they should not include unnecessary and extravagant expenditures, having in mind, doubtless, just such items as those above referred to, as well as others.

Suppose the effect were to cause the jury to exclude such expenditures from consideration as proper items of expenditure under the contract, this would not be prejudicial to the appellant who could not be entitled to the benefit of them.

The third ground of error urged involves the construction, by the court, in its instructions Nos. 7 and 8, as to the meaning of the terms "erecting, building and completing a modern $30,000 theater building."

The instructions were as follows:

"7. You are further instructed that the agreement in question did not require the erection of a building which should cost not less than thirty thousand dollars, but would be satisfied by the erection of one which fairly cost substantially that amount, or so near it that it would be classified as a thirty thousand dollar building."

"8. You are further instructed that the phrase "a modern thirty thousand dollar theater building" includes in addition to the bare building, the usual, necessary, permanent equipment, such as plumbing, heating and lighting apparatus, seats, curtains and scenery adapted to and intended for use in that particular building, but not the piano, furniture, carpets and similar articles, movable and practically as well adapted to use elsewhere."

Instruction No. 2, requested by the appellant and refused, fairly represents the contention of the appellant as to the construction of those terms, and is as follows:

"The court further instructs the jury, that if they believe from the preponderance of the evidence, that the said Frank P. McClure, or his assigns, the plaintiff, George K. Neher, erected an opera house upon the land referred to in the pleadings and furnished the same with chairs, scenery and other articles of furniture and property necessary or proper for the conducting of a theater, and that the same was reasonably of the value of thirty thousand dollars, then they should find a verdict in favor of

the plaintiff, and assess his damages at such amount as they believe, from the preponderance of the evidence, the plaintiff sustained by the failure of the defendants to make good the title and deliver the deeds to the said lot, title to which so failed, as aforesaid."

The use of the word "building" in connection with the word "theater" is quite significant.

The word "opera" is very different in meaning from the words "opera house," in that the former may have no relation to the building in which it may be rendered. The word theater and theater building may have different meanings also, as a theater may mean a place where plays are being produced, whereas a theater building may be such whether plays are produced therein or not.

In the case of Bell v. Mahan, 121 Pac. Stat. 225, the court said:

"The opera house and theater alike comprehend the stage, proscenium, boxes, orchestra pit or parquet, and the galleries; the scenic representations are of the same general character, and the stage machinery and decorations of the same order."

From this language, it would appear that, the court intended to draw a line between the building and its necessary fixtures, and the movable articles, similar to that drawn by the court below in the 8th instruction. The use of the word building in the agreement seems to necessitate this construction and not that which is presented in appellant's refused instruction. The "piano, furniture, carpets and similar articles, movable and practically as well adapted to use elsewhere" cannot be said to be a necessary part of a *theater building*.

Therefore, the court's instructions were correct, and there was no error committed by the refusal to give appellant's 2nd instruction.

The remaining instructions requested by the appellant, in the court below, and refused, substantially, directed the jury to construe the contract according to the intention of the parties and the circumstances surrounding its execution, and further, to determine whether the theater

building with its *furniture and appointments* were reasonably worth $30,000 when completed in 1899 and 1900.

This being a written agreement, it was for the court to construe, and not for the jury. The court did construe it in paragraphs Nos. 7 and 8, quoted above, and we think correctly.

The requested instructions, in referring to *furniture* and *appointments* ignore the distinction drawn in the court's instructions as to whether or not the furnishings were of a fixed and permanent nature or movable, and in this respect they were incorrect, upon the question of value.

The fourth point urged in the brief of counsel is based upon the giving of the 10th paragraph of its instructions.

10. "Certain receipts have been introduced in evidence and testimony given in relation to them and to the payments it is claimed they represent. You are instructed that the receipts in question are to be considered by you only as memoranda and exhibits in connection with the testimony relating to them and not as the evidence of the parties who it is claimed gave them, to anything contained in them."

Upon the trial, in the court below, a large number of receipts were offered in evidence, to which objections were made. There was considerable testimony offered as to the contents of many of these receipts. Those receipts were evidently offered to prove expenditures upon the theater building. It is insisted that this instruction practically directed the jury not to consider these receipts.

These receipts were, certainly, not the best evidence, that the articles for which they were supposed to represent payment, were used in the construction of that building and formed a legitimate part of the $30,000.

The instruction of the court informed the jury that these receipts were competent in connection with the testimony as to their contents, and not as a substitute for the testimony of the witness. In this particular case, even if the money was paid as the receipts indicate, in the absence of some proof connecting them with this building, it

would have been improper for the jury to consider them as part of the claim of thirty thousand dollars.

The jury was instructed to consider those supported by such testimony, which was a proper direction, upon the issues in this case.

Numerous other assignments of error are found in the record, but as they have neither been considered in the briefs of counsel nor made to specifically indicate the ground of error relied upon, they will not be further considered, as it has been repeatedly held, by this court, that assignments of error must be specific. Schofield v. Territory, 9 N. M. 526; Cevada v. Miera, 10 N. M. 62; Pearce v. Strickler, 9 N. M. 467.

The cause was submitted to the jury under instructions fairly covering the issues in the case, and while the title to the lot sued for had failed, the jury returned a verdict for the defendants, appellees in this court, which necessarily was a finding that the appellant had failed to construct within a reasonable time, a modern $30,000 theater building, the consideration for the agreement, by virtue of which, he was to obtain title to the lots.

Under this verdict, the appellant never became entitled to the ownership of the property conveyed by the deeds in escrow, and it was immaterial to him whether the title failed or not. No right of action for damages for failure of title existed in him, for which a judgment could properly be rendered.

The judgment of the court below is affirmed with costs. It is so ordered.