466 P.2d 94

**Ruth SNELL, Plaintiff-Appellant,**

v.

**Jehanne CORNEHL, Defendant-Appellee.**

**No. 8875.**

Supreme Court of New Mexico.

March 2, 1970.

Rueckhaus & Brown, Michael M. Rueckhaus, Albuquerque, for appellant.

Hannett, Hannett, Cornish & Barnhart, Charles E. Barnhart, Albuquerque, for appellee.

## OPINION

GALLEGOS, District Judge.

This is an action arising from a contract for the sale of a home by Ruth Snell, hereinafter called plaintiff, to Jehanne Cornehl, hereinafter called defendant. The plaintiff instituted this action in the district court of Bernalillo County to compel specific performance of the contract, or, in the alternative, to recover damages for breach of the contract, for enforcement of landlord's lien and attorney fees.

Defendant answered and counterclaimed, admitting the execution of the agreement and alleging that the defendant was induced to enter into the binder to purchase the real estate through the seller's representation that she would repair the swim-

ming pool and a water leak that caused water to come into the house; for rescission of the contract; for the amount of her down payment; for costs of moving; and for attorney fees.

Defendant testified that plaintiff and plaintiff's agent stated to her that the premises were in sound and first-class condition, and that these statements were made to defendant prior to the execution of the lease agreement.

Soon after defendant took possession of the premises, it was noticed that dampness occurred or was showing inside of one of the bedrooms and that the water in the swimming pool was receding in an unusual manner, and that the water level dropped considerably in a relatively short period of time indicating that there was a loss of water from the swimming pool by leakage and not entirely by evaporation.

The court found that the defendant agreed to purchase the premises from the plaintiff for consideration of $29,150.00, and paid plaintiff's agent $2,500.00 toward the purchase price. The court further found that while the defendant made a reasonable examination of the property prior to entering into the contract, the examination did not reveal any defects of any substance in the premises, and that latent defects which were not discoverable by reasonable examination were in fact existing in that there was a leak in the swimming pool located on the premises and leaking into one bedroom of the premises. And, further, that the plaintiff was aware of such defects and did not disclose them to the defendant prior to the signing of the agreement, and that the concealment of the defects from the defendant constituted constructive fraud on the part of plaintiff. The court concluded that the defendant was entitled to rescission of the contract and to the return of the $2,500.00, less $289.61 expended by plaintiff in restoring the property, that is, exterminating work, cleaning and decorating of the house, leaving a net balance owing defendant by the plaintiff in the amount of $2,210.39, and judgment was entered in behalf of the defendant and against plaintiff for said amount. Plaintiff has appealed.

Plaintiff raises three points of claimed error by the trial court. First, that the trial court erred in finding that plaintiff had knowledge of defects in the premises, since such finding is not supported by substantial evidence; secondly, that rescission of the contract is not a proper remedy under the facts in this case; thirdly, that the court erred in failing to grant plaintiff specific performance, or, in the alternative, damages.

It is generally a well-established rule of law in New Mexico that fraud is not presumed, but it must be established by clear and convincing evidence. McLean v. Paddock, 78 N.M. 234, 430 P.2d 392 (1967); O'Meara v. Commercial Ins. Co., 71 N.M. 145, 376 P.2d 486 (1962). If the evidence leaves in the factfinder's mind an abiding conviction that fraud has been established, then a finding of fraud may be properly made. Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299 (1955).

Constructive fraud is also recognized, which is stated to be, generally, a breach of a legal or equitable duty irrespective of the moral guilt of the fraud feasor, and it is not necessary that actual dishonesty of purpose nor intent to deceive exist. In re Trigg, 46 N.M. 96, 121 P.2d 152 (1942). Constructive fraud may be established by circumstances. Lumpkins v. McPhee, supra; Frear v. Roberts, 51 N.M. 137, 179 P.2d 998 (1947); see 37 Am.Jur. 2d Fraud and Deceit § 439.

We have carefully considered the record and the evidence and are satisfied that the findings and conclusions of the trial court are supported by sufficiently clear and convincing evidence.

The plaintiff next argues that rescission of the contract is not a proper remedy under the facts in this case. We also decide this point against the plaintiff.

This court has laid out the different remedies that a person may have in an action of this nature: (1) he may declare

a rescission and sue to recover the consideration already paid; (2) sue at law and recover damages which may be the natural and proximate consequences of the fraud; (3) sue to rescind the contract and for restoration of the status quo ante; or (4) recoup for damages in an action by defendant upon the purchase money obligation. Montoya v. Moore, 77 N.M. 326, 422 P.2d 363 (1967); Thrams v. Block, 43 N.M. 117, 86 P.2d 938 (1939).

What has been said answers point three raised by plaintiff, and we do not believe it is necessary to discuss that point further.

Finding no error, the judgment should be affirmed.

It is so ordered.

MOISE, C. J., and WATSON, J., concur.