562 P.2d 834

**Robert ARCHULETA, Plaintiff-Appellant,**

v.

**Carl KOPP, Defendant-Appellee.**

**No. 2611.**

Court of Appeals of New Mexico.

Feb. 1, 1977.

Rehearing Denied Feb. 14, 1977.

Certiorari Quashed April 12, 1977.

---

William E. Snead, Ortega, Snead & Dixon, Albuquerque, for plaintiff-appellant.

Jacob Carian, Robert W. Casey, Albuquerque, for defendant-appellee.

## OPINION

LOPEZ, Judge.

Plaintiff, Robert Archuleta, originally sued in magistrate court for damages resulting from the use of a defective fireplace in a house which was purchased from the defendant. Archuleta tried the case *pro se* and won. On trial *de novo* in district court, judgment went against Archuleta. The plaintiff now appeals the adverse judgment entered by the district court sitting without a jury. We reverse and remand.

The issue is whether the defendant is liable under a theory of innocent misrepresentation, which is also known as constructive fraud.

The trial court made eighteen findings of fact which we shall summarize. The house in question was listed for sale in the multiple listing service of the Albuquerque Board of Realty and offered to the public. This listing included a picture and description of the premises. Next to a description on the printed listing form which read "WB/FP," the word "Den" was typed. Next to "remarks," the words "Large den with stone FP" were typed. The defendant and his agents made no representations other than the aforementioned listing. Nonetheless the court concluded the plaintiff had not relied on defendant's representation that there was a functioning woodburning fireplace in the house, but purchased "as is." In fact the fireplace was a fire hazard

and was totally inoperative, unuseable and defective because the chimney was not of a sufficient height, there was no smoke shelf, no damper, the flue liner was too small in proportion to the opening of the fireplace, and the firebox was not made of the proper materials. The court went on to conclude as a matter of law that the plaintiff failed to establish proof of fraudulent, intentional misrepresentation or negligent misrepresentation.

Plaintiff also submitted proposed findings, which fairly stated the issue of innocent misrepresentation. The evidence is undisputed that the plaintiff is blind. When he purchased the house, the plaintiff examined the fireplace by sense of touch. As a result of the defects in the fireplace, when plaintiff lit a fire therein the house sustained smoke damage in the amount of $988.00. In order to correct the defects, it is necessary that the fireplace be reconstructed entirely at a cost of $1,258.00.

First, defendant contends that the plaintiff failed to challenge finding No. 18 which reads:

"That pursuant to paragraph 2 of the purchase agreement, Plaintiff represented that he examined said premises and purchased same 'as is' and not because of any representations by the sellers or agents."

The defendant makes this point because he says that under any theory of misrepresentation there must be justifiable reliance by the plaintiff. Plaintiff's brief did challenge finding No. 17 which reads:

"That the Plaintiff at no time relied upon any representations of the Defendant Kopp or his agents as to the fireplace in purchasing the house."

We do not believe that 17 and 18 are so inconsistent as to conclude that there was no proper challenge to the court's finding of no reliance upon the defendant's representations. The representations were material because they affected the value or desirability of the property. Moreover, plaintiff's requested findings in pertinent part stated:

"13. Plaintiff purchased the house in question relying upon the representation

that the house contained a wood-burning fireplace;

"14. The representation that the house contained a wood-burning fireplace implied that the fireplace was in working order and was an operable wood-burning fireplace. Plaintiff's reliance upon the representation made in the multiple listing service that the house contained a wood-burning fireplace was a reasonable reliance under the circumstances;"

The district court's finding that plaintiff's purchase was not made in reliance upon defendant's false representation is not supported by substantial evidence. No evidence was introduced to contradict plaintiff's testimony that he did rely because he was in the market for a three bedroom house with a woodburning fireplace. Plaintiff did not purchase the house "as is." Plaintiff was induced to purchase the house by representations that it was otherwise. An "as is" clause cannot preclude recovery where the seller actively misrepresents the condition of the property. *Lingsch v. Savage,* 213 Cal.App.2d 729, 29 Cal.Rptr. 201, 8 A.L.R.3d 537 (1963). See also *Maxey v. Quintana,* 84 N.M. 38, 499 P.2d 356 (Ct.App.1972); Prosser, *Strict Liability to the Consumer,* 18 Hast.L.J. 9, 46 (1966).

We believe that there was a duty on the part of the defendant to disclose the condition of the fireplace to the realtors or to the plaintiffs. Two previous tenants of the house testified that they notified the defendant of the utterly worthless condition of the fireplace, but the defendant remembered nothing about these conversations. The defendant did testify that he knew the fireplace had been added to the house after its original construction. In sum, we read conflicting evidence in the record with respect to the actual knowledge by the defendant of the condition of the fireplace. We follow *Everett v. Gilliland,* 47 N.M. 269, 141 P.2d 326 (1943). That case says:

"[I]f one party to a contract . . . has superior knowledge, or knowledge which is not within the fair and reasona-

ble reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike, he is under a legal obligation to speak, and his silence constitutes fraud, especially when the other party relies upon him to communicate to him the true state of facts to enable him to judge  .  .  . the expediency of the bargain."

*Everett* also says:

"Generally speaking, however, in the conduct of various transactions between persons involving business dealings, commercial negotiations, or other relationships relating to property, contracts, and miscellaneous rights, there are times and occasions when the law imposes upon a party a duty to speak rather than to remain silent in respect to certain facts within his knowledge and thus to disclose information, in order that the party with whom he is dealing may be placed on an equal footing with him."

See *Payton v. Krupiak,* (Ct.App.) No. 2537, decided December 7, 1976.

■ Even if there was no duty to speak, or if the defendant knew nothing, about the condition of the fireplace, the case for misrepresentation is much stronger when there is an actual representation. When the defendant speaks, liability arises in such a case because there is a duty, if one speaks at all, to give reliable information. "Once the duty to render accurate information is recognized, it seems obvious that an action for innocent misrepresentation is best suited to this situation." Green, *The Communicative Torts,* 54 Tex.L.Rev. 1, 21 (1975).

■ On appeal, the plaintiff asserts the district court should have concluded, or had no choice but to conclude as a matter of law, that there was liability on the part of the defendant based upon a theory of innocent misrepresentation or constructive fraud. We agree.

■■ The defendant contends that there is no such thing as innocent misrepresentation or constructive fraud in the State of New Mexico. This clearly is not the law.

*Snell v. Cornehl,* 81 N.M. 248, 466 P.2d 94 (1970) and *Barber's Super Markets, Inc. v. Stryker,* 84 N.M. 181, 500 P.2d 1304 (Ct. App.1972), stand for the proposition that constructive fraud is a breach of a legal or equitable duty, irrespective of the moral guilt of the fraud-feasor. It is not necessary to prove dishonesty of purpose nor intent to deceive to maintain a cause of action for constructive fraud. This has been the law in New Mexico since 1853, when the New Mexico Supreme Court, stated:

"  .  .  . acts contrary to public policy, to sound morals, to the provisions of a statute, etc., *however honest the intention with which they may have been performed,* are deemed *constructive frauds, or frauds in law,* and are absolutely void." *Leitensdorfer v. Webb,* 1 N.M. (Gild.) 34, 53 (1853), affirmed 61 U.S. (20 How.) 176, 15 L.Ed. 891 (1858).

Judge Sutin, in *Barber's Super Markets,* elaborated on constructive fraud:

"Generally speaking, constructive fraud is a breach of a legal or equitable duty which the law declares fraudulent because of its tendency to deceive others." 84 N.M. at 186, 500 P.2d at 1309.

There is no doubt that the listing with the Albuquerque Board of Realty tended to deceive the public in general and the plaintiff in particular.

The district court considered the facts under the theory of intentional fraud, see *Prudential Insurance Co. v. Anaya,* 78 N.M. 101, 428 P.2d 640 (1967), and under the theory of negligent misrepresentation, see *Maxey v. Quintana,* supra, and *Neff v. Bud Lewis Company,* 89 N.M. 145, 548 P.2d 107, (Ct.App.), decided March 18, 1976. We are not convinced that there is substantial evidence to support these findings, but we will resolve any conflict in their favor.

The court did not consider whether liability existed under the theory of innocent misrepresentation or constructive fraud. We believe that under *Barber's Super Markets* and *Snell* the court should have concluded as a matter of law that liability on the part of the defendant existed.

Therefore we reverse the judgment of the district court and order it to enter a new judgment finding liability upon innocent misrepresentation or constructive fraud. The case is to be retried to determine damages and costs only. See *Aragon v. Boyd*, 80 N.M. 14, 450 P.2d 614 (1969).

IT IS SO ORDERED.

SUTIN and HERNANDEZ, JJ., specially concur.

SUTIN, Judge (specially concurring).

I concur in the result.

Plaintiff sued defendant in the magistrate court for "BREACH OF CONTRACT (faulty fireplace—plaintiff bought home with the idea that the fireplace was in working condition)." Defendant denied there was a breach of contract.

On December 29, 1973, plaintiff purchased a home from defendant under a printed real estate contract. Paragraph 2 provides:

Purchaser(s) declare that they are buying said property upon their own examination and judgment *and not by reason of any representation made to Purchaser(s) by the Seller(s)*, or agent for Seller(s), as to its *condition*, size, location, value, future value, income therefrom or as to its production. *Purchaser(s) further accept property in "as is" condition including, but not limited to, roof, plumbing, electrical and all mechanical equipment.* [Emphasis added]

In the magistrate court, it appears that defendant, represented by attorneys, filed a memorandum brief on the "as is" provision of the contract.

Plaintiff recovered judgment and costs in the sum of $1,264.00. Defendant appealed to the district court. In the district court, plaintiff was represented by attorneys.

A. *Defendant made no representations.*

The fireplace was defective and caused damage to plaintiff's home. However, the trial court found that defendant did not make any representations regarding the fireplace. There was substantial evidence to support this finding. Furthermore, the "as is" provision of the contract waived any prior representation as well as any reliance thereon. *Montague v. Bank for Savings in City of New York*, 181 Misc. 863, 43 N.Y. S.2d 321 (1943); *Redner v. City of New York*, 53 Misc.2d 148, 278 N.Y.S.2d 51 (1967).

In *Montague*, the judge said:

If the plaintiff's construction is to receive judicial recognition no vendor can ever protect himself against a false and fraudulent claim respecting a purported prior representation concerning the condition of the premises which are the subject of the sale and one can readily visualize the opening of a fertile field for the perpetration of fraud. [43 N.Y.S.2d at 326].

This concept of justice throws out of consideration any purported prior representation of defendant concerning the condition of the home purchased by plaintiff.

*State v. Jones*, 44 N.M. 623, 628, 107 P.2d 324, 327 (1940) quoted the following:

"Isaac was blind, and there is an old adage that justice is blind. But justice is only blind in so far as it does not make any distinction between litigants, be they of high or low degree, rich or poor, Jew or Gentile. Justice cannot distinguish one from the other. However, in detecting fraud and deception justice should have the vision to discover them in their true nature no matter how well the design to deceive."

I agree. Courts would be blind indeed if they could not see an attempt by a purchaser of real estate to seek by deception, relief from an "as is" provision based on prior representations of defendant concerning the condition of the property.

B. *The "as is" provision did not bar plaintiff's claim for relief.*

Plaintiff is a blind young man who was a student at the University of New Mexico. Alice Enyart was the real estate saleslady acting on behalf of the broker with whom defendant listed the property for sale. On

cross-examination, plaintiff testified that Alice read the contract to him in its entirety. This included paragraph 2 which contains the "as is" provision.

Q. You, therefore, understood that you were buying the property as is?

A. No, not as is, well as is per se.

Defendant did not ask plaintiff what he meant by his answer. To me, it means that plaintiff did *not* understand that he was buying the property "as is," as those words are commonly understood when taken alone. Neither did defendant produce Alice to controvert the testimony of plaintiff. The court found:

18. That pursuant to paragraph 2 of the purchase agreement, Plaintiff represented that he examined said premises and purchased same "as is" and not because of any representations by the sellers or agents.

Plaintiff did represent that he examined the premises, but the examination of the fireplace by a blind person who had no knowledge of the hidden defects was a useless gesture. Plaintiff did not purchase the property because of any representations by defendant or Alice. But, in my opinion, he did *not* purchase the property "as is," as those words are defined in cases which involve real property.

"Common-sense justice is, of course, the most desirable objective inherent in the application of any legal concept; and where the application of a legal concept so clearly results in injustice, it is incumbent upon the courts to examine the concept and its applicability most carefully." *DeNike v. Mowery*, 69 Wash.2d 357, 366, 418 P.2d 1010, 1017 (1966).

The "as is" provision in a real estate contract, *involving the purchase of a home*, seems to be a matter of first impression in the United States. *Lingsch v. Savage*, 213 Cal.App.2d 729, 29 Cal.Rptr. 201, 8 A.L.R.3d 537 (1963) involved an action against a real estate broker. In the course of its opinion, the court discussed an "as is" provision in a real estate contract. The court said:

We are of the opinion that, generally speaking, *such a provision means that the buyer takes the property in the condition visible to or observable by him.* [Emphasis added] [29 Cal.Rptr. at 209].

Under this interpretation, as applicable to the purchase of a home, the "as is" provision in the real estate contract did not affect plaintiff's claim for damages for a defective fireplace.

*Redner*, supra, says:

The purpose of the "as is" clause is to negate the existence any representations by the seller as to the particular condition, fitness and type of construction of the premises sold. *It merely means that the purchaser must take that for which he bargained, reasonable use, wear, tear and natural deterioration excepted. (Montague v. Bank for Sav.*, 181 Misc. 863, 43 N.Y.S.2d 321.) [278 N.Y.S.2d at 54].

Under this interpretation, plaintiff is protected.

*Montague*, supra, involved an action to rescind a contract for the purchase and sale of a building because it was not fireproof. The contract provided that the plaintiff purchased the building, " 'as is' and would accept it in its present condition". The judge who wrote the opinion stated that there was no basis for recision because the "as is" provision "waived, if it did not entirely destroy, any prior representation as to the condition of the building, and, as well, any prior reliance thereon." [43 N.Y. S.2d at 325]. But the judge found that the plaintiff read and understood the terms of the contract, voiced no objection to the "as is" provision, and knew that the building was not fireproof.

The California and New York interpretation of the "as is" provision in a real estate contract is fair under principles of justice that prevail in business transactions. One who sells real estate should not profit by insertion of an "as is" clause to protect himself from hidden defects that cause damage to the purchaser.

"A very wise judge and preceptor gave this advice: 'If you are in doubt, take a short cut to justice.' " *Russell v. Thielen*, 82 So.2d 143, 146 (Fla.1955).

I shall follow this advice. Plaintiff, a blind young man, listened to a woman read a long, involved real estate contract. There was no discussion as to its contents. A fireplace was not mentioned nor discussed. It was not observable to him. He could not determine whether it was defective without expert advice. He did not clearly understand the meaning of the "as is" provision. The purpose of the provision is to protect the defendant "against a false and fraudulent claim respecting a purported prior representation concerning the condition of the premises . . . ." [43 N.Y.S.2d at 326]. Plaintiff does not seek to perpetrate a fraud on defendant. He accepted the property in an "as is" condition, reasonable use, wear, tear and natural deterioration excepted.

The "as is" provision of the real estate contract did not bar plaintiff's claim for relief.

HERNANDEZ, Judge (specially concurring).

In my opinion the listing made by the defendant that there was a wood burning fireplace in the den when there was not constituted constructive fraud. Constructive fraud is the breach of a legal or equitable duty which the law declares fraudulent because of its tendency to deceive others. It may consist of not speaking when one has a duty to speak as well as saying that which is false. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud. *Scudder v. Hart*, 45 N.M. 76, 110 P.2d 536 (1941); *Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 500 P.2d 1304 (Ct.App.1972), cert. denied, 84 N.M. 180, 500 P.2d 1303 (1972). That is, ignorance is not a defense; a party is bound to know whereof he speaks or remain silent. This could also be classified as negligent misrepresentation. See *Maxey v. Quintana*, 84 N.M. 38, 499 P.2d 356 (Ct. App.1972), cert. denied, *Jack Daily Realty, Inc. v. Maxey*, 84 N.M. 37, 499 P.2d 355 (1972).

The decisive findings made by the trial court were Nos. 6 and 10:

"6. Said listing included a picture of the premises and also a description of the premises, among which was the following description printed on the listing form, to-wit: 'WB/FP' after which the word 'Den' was typed (Finding 6, Id).

"10. The fireplace was defective in that the chimney was not of sufficient height, there was no smoke shelf, there was no damper, and the firebox was not made of proper materials (Finding 11, Id)."

These two findings render findings 11, 12, 13, and part of 14 immaterial:

"11. The Defendant Kopp had no more expertise in the condition of the fireplace or the construction and function of the fireplace than the plaintiff, his wife, or his representative (Finding 13, Tr. 66, Challenged Point I).

"12. Defendant Kopp had no knowledge or information of the defects in the fireplace until after the sale to the plaintiff (Finding 14, Tr. 66, Challenged Point I).

"13. The plaintiff or his wife at no time prior to signing the purchase agreement or closing had any conversation with the Defendant Kopp (Finding 15, Tr. 67, Challenged Point I).

"14. At no time did the Defendant Kopp or his agents make any representations to the plaintiff or his wife or agents regarding the fireplace . . . ."

Finding 15 is plainly not warranted by any reasonable view of the evidence:

"15. The plaintiff at no time relied upon any representations of the Defendant Kopp or his agents as to the fireplace in purchasing the home (Finding 17, Tr. 67, Challenged Point I)."

We are not bound by the conclusions or inferences that a trial court draws from the facts.

Finding No. 18 made by the trial court reads as follows:

"18. That pursuant to paragraph 2 of the purchase agreement, plaintiff represented that he examined said premises and purchased same 'as is' and not be-

cause of any representations by the sellers or agents."

Although purportedly a finding of fact, this constitutes a conclusion of law, in my opinion. The construction and meaning of a written contract is a question of law to be determined by the court. *Neher v. Viviani*, 15 N.M. 460, 110 P. 695 (1910). The trial court obviously construed this part of the contract to mean that the plaintiff was purchasing the property in the condition shown and that he was trusting to his own examination. To adopt such an interpretation in circumstances such as these would be to allow sellers to perpetrate all sorts of fraud and constructive fraud on unsuspecting buyers. A more reasonable interpretation under these circumstances and one with which I am in complete agreement, was given in *Lingsch v. Savage*, 213 Cal. App.2d 729, 29 Cal.Rptr. 201, 8 A.L.R.3d 537 (1963): "such a provision means that the buyer takes the property in the condition visible to or observable by him." The major defects in the construction of the fireplace would not have been visible to plaintiff even if he could see.