679 P.2d 258

**WOLF AND KLAR COS., A partnership, Plaintiff-Appellee,**

v.

**Robert J. GARNER, d/b/a The Hock Shop, Defendant-Appellant.**

No. 14969.

Supreme Court of New Mexico.

April 3, 1984.

Don Maddox, Maddox & Renfrow, Hobbs, for plaintiff-appellee.

M.J. Collopy, Hobbs, Nancy Augustus, Singleton Law Offices, Santa Fe, for defendant-appellant.

## OPINION

WALTERS, Justice.

Defendant Garner d/b/a The Hock Shop (Garner) appeals a judgment in favor of

plaintiff Wolf & Klar (Wolf) on its open account claim, and the award of attorney fees to Wolf. Garner also alleges error in the trial court's finding that defendant's conduct amounted to constructive fraud. Garner affirmatively argues that plaintiff could have avoided the loss and, consequently, it should not have been awarded relief in equity. We affirm the trial court's decision.

## 1. Background.

In 1977, Garner commenced purchasing jewelry items from Wolf, a partnership engaged in diamond importing and wholesale jewelry sales, through its salesman Bobby Gee. Gee and Garner at one time were married to women who were first cousins, and they had known each other for "a lot of years." Gee would deliver goods to Garner from the stock he carried; the goods would be charged to Garner's account; Wolf would send an invoice to Garner when Gee's order slip arrived and then send a statement to Garner on a monthly basis. After the first two transactions in 1977, Garner paid on his account periodically rather than as invoices or monthly statements were received. At no time during the four years prior to suit did the Garner accounts receivable ledger sheet reflect full payment of outstanding indebtedness or a month-by-month settlement of accounts receivable, although the account was near current in September 1979.

Defendant Garner claimed that beginning sometime in 1978, admittedly with Garner's knowledge, Gee actually ordered and received the merchandise he charged to Garner's account, and somehow disposed of it to Gee's own use and benefit. The trial court found, in unchallenged findings, that Wolf had no knowledge whether Gee or Garner received the disputed merchandise; it had no record whether Gee or Garner made the payments reflected on the ledger card for any of the disputed merchandise; that Garner's mother had apparent authority to promise payment on the account; and that Garner had permitted use of his credit account without Wolf's knowledge for

three years, after three separate warnings to Gee to cease using his account. The court also found that Garner's mother had apparent authority to promise payment on the past due account, and that Garner's conduct constituted constructive fraud.

## 2. Open account.

The definition of an open account was stated in *Heron v. Gaylor*, 46 N.M. 230, 232, 126 P.2d 295, 297 (1942), as a direct quote from 1 Am.Jur. 265, Accounts and Accounting, Sec. 3, to be:

> "The term 'open account' means, ordinarily, an account based upon running or concurrent dealings between the parties which has not been closed, settled, or stated, and in which the inclusion of further dealings between the parties is contemplated."

See also the definition found in *Southern Union Exploration Company v. Wynn Exploration Company*, 95 N.M. 594, 624 P.2d 536 (Ct.App.), *cert. denied*, 95 N.M. 593, 624 P.2d 535 (1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 461 (1982). The ledger sheet received in evidence discloses a series of debit and credit entries made over more than three years, with a shifting balance as additional such entries were made to the account. That course of dealing between the parties, together with the court's findings that Wolf sent and Garner received thirty separate invoices, and a statement showing the status of the account every month from May 1977 through December 1980, were sufficient to permit the trial court to find that an open account existed between the parties.

## 3. Attorney fees.

NMSA 1978, § 36–2–39, provides:

In any civil action in the district court, small claims court or magistrate court to recover on an open account, the prevailing party may be allowed a reasonable attorney fee set by the court, and taxed and collected as costs.

The fee allowed by the trial court is not attacked as unreasonable; only that it is

not permitted because there was no open account. Having upheld the trial court's ruling on that issue, we hold that the fee was authorized by statute and its award is affirmed.

### 4. Constructive fraud.

■ Garner contends that a fiduciary relationship must exist between the parties before one of the parties may be found to have committed constructive fraud. We do not agree. In *Leitensdorfer v. Webb*, 1 N.M. (Gild) 34, 53–54, *aff'd* 61 U.S. (20 How.) 176, 15 L.Ed. 891 (1857), constructive fraud was defined to be

> acts contrary to public policy, to sound morals, to the provisions of a statute, etc., however honest the intention with which they may have been performed.

Judge Lopez, in *Archuleta v. Kopp*, 90 N.M. 273, 276, 562 P.2d 834, 837 (Ct.App. 1977), declared that constructive fraud occurs upon "a breach of a legal or equitable duty, irrespective of the moral guilt of the fraud-feasor. It is not necessary to prove dishonesty of purpose nor intent to deceive to maintain a cause of action for constructive fraud."

Restatement (Second) of Agency, § 312 (1958), recites that "[a] person who, without being privileged to do so, intentionally causes or assists an agent to violate a duty to his principal is subject to liability to the principal." Comment a. thereunder explains that the rule of Section 312 "is a special application of the more general rule that * * * a person is under a duty to refrain from intentionally causing another to violate a duty to a third," as stated in the Restatement of Torts, citing, among other sections, Section 871 (republished in Restatement (Second) of Torts, § 871 (1979)). Garner, by his silence despite monthly notice of charges to his account, permitted Gee to violate his duty of honesty to Wolf, and allowed Wolf to believe that the transactions reflected on Garner's account were accurate and legitimate. Such conduct on Garner's part were acts "contrary to sound morals," at least. Where one participates with or aids or abets an agent in an act which perpetrates a fraud upon the principal, he is equally liable with the agent to the principal for any damages suffered. *Craig v. Parsons*, 22 N.M. 293, 161 P. 1117 (1916).

■■ The finding of constructive fraud was justified by the evidence; the judgment of liability was justified under principles of agency as well as of the consequences for constructive fraud.

### 5. Relief in equity.

Garner complains that Wolf was negligent in not screening Gee's employment history more carefully. He points to evidence that Gee earlier had been terminated from employment with another jewelry business, presumably because of a drug abuse problem, and that he had been hospitalized while he was employed by Wolf. Garner contends that had Wolf inquired about the reason for hospitalization, it would have discovered Gee's dependence on alcohol and drugs. Moreover, Garner argues, Wolf's failure to more closely pursue payment of the outstanding account after September 1979 was negligence, the consequences of which that should not be passed on to Garner.

■ The application of doctrines of "clean hands" or other such equitable defenses rests in the sound discretion of the trial court. *Home Savings & Loan Ass'n v. Bates*, 76 N.M. 660, 417 P.2d 798 (1966). Absent a clear abuse of discretion, the trial court's exercise thereof will not be disturbed on appeal. *Flinchum Const. Co. v. Central Glass & Mirror Co.*, 94 N.M. 398, 611 P.2d 221 (1980). Since it cannot be said that the court exceeded the bounds of reason, all circumstances before it being considered, *Independent Steel & Wire Co. v. New Mexico Cent. R.R. Co.*, 25 N.M. 160, 178 P. 842 (1919), we do not find an abuse of discretion in the trial court's refusal to absolve Garner's participation in Gee's dishonest conduct by imposing the blame on Wolf's alleged negligence.

The decision and judgment of the district court is affirmed.

RIORDAN and STOWERS, JJ., concur.