This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36432**

**RONALD COSTA and ESTHER COSTA,**
**Husband and Wife,**

Plaintiffs-Appellants,

v.

**HAROLD BRAWLEY and PAULA**
**BRAWLEY, Husband and Wife,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Judge**

Benting Law Firm, LLC
Tyler W. Benting
Deming, NM

for Appellants

Joshua L. Smith
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Plaintiffs Ronald and Esther Costa (collectively, Buyers) appeal the district court's dismissal of their complaint[1] alleging that Defendants Harold and Paula Brawley

---

[1] While Buyers state briefly that they are also appealing the denial of their motion for reconsideration, they do not develop any arguments regarding this motion separate from the district court's findings of fact and conclusions of law. Accordingly, we limit our review to the district court's findings of fact and conclusions of law. *See Headley v.*

(collectively, Sellers) had a duty to disclose the fact that the fireplace in the master bedroom did not have a chimney. Unpersuaded, we affirm.

**DISCUSSION**

**{2}** Buyers entered into a purchase agreement with Sellers to purchase Sellers' home for $308,655. The purchase agreement included an "as is" clause, stating that the home was for sale "in its current condition." The home had a fireplace in the master bedroom, which the district court found was designed to burn wood and gas, and designed to have a chimney installed. However, the chimney was not installed. Additionally, the fireplace did not have a lighter installed and the gas lines to the fireplace were capped.

**{3}** Before closing, Buyers hired a home inspector. Although Sellers told the inspector that the fireplace was not finished, the inspector did not discover that the chimney had not been installed. Specifically, the district court found that the inspector failed to go onto the roof because of the roof's steepness and fifty mile per hour winds on the day of the inspection, which would have shown the lack of a chimney. The inspector also was not able to go into the attic, which the district court found would have also revealed the lack of a chimney. The district court also found that the inspector failed to look up the fireplace, which would have shown that it had no chimney.

**{4}** Upon discovering the fireplace had no chimney after Buyers had moved in, Buyers sued Sellers for breach of contract, breach of express warranty, intentional fraudulent misrepresentation, negligent fraudulent misrepresentation, and fraud by intentional omission or fraudulent concealment. Buyers contend that they believed at the time of purchase that the fireplace was complete and functioned except for the lack of gas logs in the fireplace.

**{5}** Although Sellers did not disclose that the fireplace had no chimney, Sellers told Buyers that the fireplace was not completed and that the gas lines were capped off. Sellers also told Buyers that they intended to use a "ventless system" in the fireplace but that it was never installed. Mr. Costa testified that he asked Mr. Brawley if the fireplace was a "true wood-burning fireplace" and that Mr. Brawley responded with "yes, but why would anyone want to burn wood in that fireplace because the sparks and the embers would flow out onto the tub." Mr. Brawley testified that his response to this question was, "I don't know." Mr. Costa also testified that the parties had discussed "allowances" for the "incomplete" fireplace, but that Mr. Brawley understood the conversation to be that they were discussing an incomplete fireplace based on a lack of gas logs, not a lack of a chimney. Mr. Brawley testified that he told Mr. Costa that the fireplace was "unfinished" and "incomplete."

**{6}** Following a bench trial, the district court entered findings of fact and conclusions of law in favor of Sellers. The district court found: (1) "the [f]ireplace was designed to

*Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

have a chimney installed [but] that [n]o chimney was installed on the [f]ireplace"; (2) Sellers did not disclose to Buyers that "there was no chimney installed on the [f]ireplace"; (3) "[t]he defect . . . was readily apparent to a reasonable purchaser"; and, (4) Buyers "were informed that the [f]ireplace was not completed." Accordingly, the district court concluded that Sellers "did not have a duty to disclose the condition of the [f]ireplace." Moreover, the district court determined that the "as is" clause of the purchase agreement precluded Buyers from recovering damages because there are "no facts . . . that [Sellers] perpetrated fraud with regard to the [f]ireplace." However, the district court determined that since the alleged defect was readily apparent, Buyers "waived any rights they may have had with regard to the defective [f]ireplace."

**{7}** Buyers filed a motion for reconsideration, which the district court denied. The district court then awarded Sellers' attorney fees and costs. The issue before us is whether Sellers had a duty to disclose to Buyers that the fireplace lacked a chimney.

## A. Standard of Review

**{8}** We review the district court's finding of facts under a substantial evidence standard. *Collado v. City of Albuquerque*, 2002-NMCA-048, ¶ 15, 132 N.M. 133, 45 P.3d 73. Whether a duty exists is generally a question of law, which we review de novo. *R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 1988-NMCA-111, ¶¶ 12-13, 108 N.M. 84, 766 P.2d 928.

## B. Sellers Did Not Have a Duty to Disclose That the Fireplace Did Not Have a Chimney

**{9}** On appeal, Buyers contend (1) Sellers had a duty to disclose that the fireplace lacked a chimney because Sellers had superior knowledge regarding its condition; and (2) even if they did not already have a duty, Sellers stepped into an affirmative duty to disclose after Buyers specifically inquired about the condition of the fireplace. Buyers also challenge the district court's findings that: (1) the "as is" clause of the purchase agreement precluded Buyers from prevailing, arguing that the "as is" clause only applies if Buyers and Sellers had equal knowledge regarding the subject matter; (2) "the lack of a chimney was readily apparent to a reasonable purchaser"; and (3) there was no evidence of damages presented at trial.

**{10}** While Buyers bring claims based in contract and in tort, those claims are founded on Buyers' assertion that Sellers acted fraudulently when they did not disclose that the fireplace had no chimney. "The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Williams v. Stewart*, 2005-NMCA-061, ¶ 34, 137 N.M. 420, 112 P.3d 281; *see also,* UJI 13-1633 NMRA (uniform jury instruction for fraud). "It is generally a well-established rule of law in New Mexico that fraud is not presumed, but it must be established by clear and convincing evidence." *Snell v. Cornehl*, 1970-NMSC-029, ¶ 7, 81 N.M. 248, 466 P.2d

94; *Brannock v. Lotus Fund*, 2016-NMCA-030, ¶ 25, 367 P.3d 888 ("For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with the abiding conviction that the evidence is true." (internal quotation marks and citation omitted)).

**{11}** "New Mexico case law clearly recognizes that a claim for fraud may be predicated on concealment where there is a duty to disclose." *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 60, 133 N.M. 669, 68 P.3d 909 (internal quotation marks and citation omitted); *Wirth v. Commercial Res., Inc.*, 1981-NMCA-057, ¶ 12, 96 N.M. 340, 630 P.2d 292 ("An omission as well as an act, may constitute fraud."). We have also stated if a party "actively misrepresents the condition of the property[,]" then an "as is" clause does not preclude recovery. *Archuleta v. Kopp*, 1977-NMCA-012, ¶ 6, 90 N.M. 273, 562 P.2d 834.

**{12}** Because the "as is" clause does not control if there was fraud, we first determine whether the district court erred in determining that "there are no facts upon which th[e district court] can find that [Sellers] perpetrated fraud." To do so, we must determine whether the district court erred in concluding that Sellers did not have a duty to disclose to Buyers the lack of chimney in the fireplace.

**{13}** As Buyers argue, this case involves two avenues in which Sellers would have had a duty to disclose. First, when one party to a contract "has superior knowledge, or knowledge which is not within the fair and reasonable reach of the other party and which he could not discover by the exercise of reasonable diligence, or means of knowledge which are not open to both parties alike," then that party "is under a legal obligation to speak, and his silence constitutes fraud, especially when the other party relies upon him to communicate to him the true state of facts to enable him to judge . . . the expediency of the bargain." *Id.* ¶ 7 (quoting *Everett v. Gilliland*, 1943-NMSC-030, ¶ 12, 47 N.M. 269, 141 P.2d 326). Second, a party may create a duty that did not already exist when that party speaks on the matter because "there is a duty, if one speaks at all, to give reliable information." *Archuleta*, 1977-NMCA-012, ¶ 8.

**{14}** Regarding the first avenue, Buyers contend that Sellers had a duty to disclose because Sellers had "superior knowledge" of the condition of the fireplace. They argue that the present case is similar to *Archuleta*. In *Archuleta*, the subject house was listed for sale in the multiple listing service of the Albuquerque Board of Realty, which identified "WB/FB, . . . Den," and "large den with stone FP." *Id.* ¶ 3 (internal quotation marks omitted). The blind buyer examined the fireplace, only by sense of touch. *Id.* ¶ 4. The buyer did not have an inspection performed. *See id.* ¶ 5. After he purchased the house, he learned that the fireplace was a fire hazard, was inoperable, unuseable, and defective. *Id.* ¶ 3. The buyer sued the seller, alleging a duty to disclose the defect in the fireplace. *Id.* ¶ 1. The district court concluded that the buyer had not relied on seller's representation that "there was a functioning wood burning fireplace in the house" and had bought the house "as is." *Id.* ¶ 3. This Court, in reversing the district court, held that there was a duty on the part of the seller to disclose the condition of the fireplace, in

part, because of the seller's affirmative misrepresentations and the buyer's inability to discover the defect. *Id.* ¶¶ 6-9.

**{15}** Buyers also rely on *C. Lambert & Associates, Inc. v. Horizon Corp.*, 1988-NMSC-001, 106 N.M. 661, 748 P.2d 504. In *C. Lambert & Associates, Inc.*, the court, in resolving an ambiguous contract, determined that an "as is" clause did not provide "absolute protection to [the] seller" when the buyer relied on the seller for knowledge of facts unavailable to the buyer. *Id.* ¶¶ 10-11. In that case, the seller did not disclose to the buyer that part of the purchased property was shortened by a realignment of a road. *Id.* ¶¶ 7-8. The court concluded that the buyer relied on the seller for its knowledge of the total acreage in the property and thus determined the "as is" clause did not prevent recovery. *Id.* ¶ 11.

**{16}** However, the present case is distinguishable from both *Archuleta* and *C. Lambert & Associates, Inc.* The *Archuleta* buyer was blind, unable to visually inspect the fireplace, seller identified a "functioning wood burning fireplace" in the multiple listing, and seller had been informed by previous tenants that the fireplace was in "utterly worthless condition,", thus the seller had superior knowledge that was not in the "fair and reasonable reach" of the buyer. 1977-NMCA-012, ¶¶ 3, 7. Similarly, the *C. Lambert & Associates, Inc.* buyer relied on the seller's representation of total acreage.

**{17}** Here, Mr. Costa is a homebuilder in a neighboring state; the property was sold "as is" and Buyers never requested a property disclosure statement, nor was a statement prepared; Buyers were given unrestricted access to inspect the property on multiple occasions; and employed a home inspector to conduct an inspection of the home. Buyers could have discovered the lack of a chimney by looking up the fireplace, looking on the roof, or looking in the attic. We conclude that the lack of a chimney was discoverable by the exercise of reasonable diligence, and discovery was within the fair and reasonable reach of Buyers. *See Archuleta*, 1977-NMCA-012, ¶ 7.

**{18}** Second, we hold that Sellers did not create a duty by affirmatively misrepresenting the condition of the fireplace. Buyers contend that by discussing the fireplace at all, Sellers created a duty to disclose all they knew. We disagree. Again, this case is distinguishable from *Archuleta*. The buyer in *Archuleta* purchased the property based upon the affirmative misrepresentation of the seller that the fireplace worked. 1977-NMCA-012, ¶ 6. Here, Sellers told Buyers and their inspector that the fireplace was incomplete, and made no affirmative representations of what was required to complete it. Sellers' "actual representation" of the condition of the fireplace was not inaccurate or unreliable. *See id.* ¶ 8 ("[T]he case for misrepresentation is much stronger when there is an actual representation. When the defendant speaks, liability arises in such a case because there is a duty, if one speaks at all, to give reliable information."). Buyers' misunderstanding of the condition of the fireplace is insufficient to impose a duty on Sellers.

**{19}** Accordingly, we hold that Sellers did not perpetrate fraud and did not owe Buyers a duty to disclose the lack of the chimney. Because we agree with the district court that

there are no facts to conclude that Sellers perpetrated fraud, we affirm the district court's conclusion that the "as is" clause in the purchase agreement precludes recovery on Buyers' contract claims. Consequently, we need not reach Buyers' additional arguments challenging the district court's findings that the alleged "defect" was readily apparent to a reasonable purchaser and that there was no evidence of damages presented.

{20} Finally, Buyers argue that Sellers violated the 1997 Uniform Mechanical Code, which prohibits installation of direct fire fuel-burning equipment in an occupancy area. However, Buyers do not point us to any authority of its application to the present case and do not adequately develop the argument. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Headley*, 2005-NMCA-045, ¶ 15 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). We hold that the district court did not err in dismissing the complaint with prejudice.

**CONCLUSION**

{21} For the foregoing reasons, we affirm the district court's dismissal of Buyer's complaint.

{22} **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**