This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HIVANA LEYENDECKER,**

Plaintiff-Appellee,

v.                                                         **NO. 34,259**

**PAUL A. DANIELS,**

Defendant-Appellant,

and

**COMMUNICATION ENGINEERING &**
**INSTALLATION, INC. and CEI, INC.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Karen E. Wootton
Las Cruces, NM

for Appellee

Martin, Lutz, Roggow & Eubanks, P.C.
David P. Lutz
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Hivana Leyendecker sued Paul A. Daniels, individually, and CEI, Inc.,[1] and obtained judgments against both defendants, jointly and severally, in the sum of $160,313.77. The single-sum award was based on two claims: (1) breach of contract, and (2) a mixed claim of fraud, undue influence, and breach of fiduciary obligations, arising out of investment dealings and relationships between Leyendecker and Daniels.

{2}     Daniels appeals the district court's determination that he defrauded Leyendecker. Specifically, Daniels argues that (1) the district court erred in determining that Daniels had committed fraud when the court explicitly found that one of the elements of fraud—intent to defraud—was not met; and (2) alternatively, sufficient clear and convincing evidence did not exist to find Daniels liable for fraud. We hold that the district court's determination of fraud was erroneous because it found no intent to defraud, which is a necessary element of a fraud claim. We further

[1] Communication Engineering & Installation, Inc. is also listed as a defendant in the caption of the district court filings. It appears that Communication Engineering & Installation, Inc. is the same company (or is treated as the same company) as CEI, Inc.

2

hold to be unavailing (1) Leyendecker's unpreserved argument on appeal that her claim for fraud should be upheld because it was in fact a claim for constructive fraud, which does not require proof of intent to defraud; and (2) Leyendecker's apparent argument that the district court's finding that Daniels' conduct shocked the conscience of the court was sufficient to support her fraud claim. Because we hold that the district court erred in determining that Daniels committed fraud despite a finding that Daniels lacked the requisite intent, we need not address Daniels' alternative sufficiency of the evidence argument.

**BACKGROUND**

{3}    The transaction giving rise to Leyendecker's suit involved the investment of her funds in CEI, Inc. Daniels had an ownership interest in CEI, Inc., was its president, and was employed by the company. CEI, Inc. failed in its obligation to make payments to Leyendecker on its promissory note to Leyendecker that evidenced the investment. Leyendecker's complaint alleged that Daniels' actions in procuring and retaining funds from Leyendecker "were fraudulent[] in that . . . Daniels made representations about the investment he knew or should have known were false." Leyendecker also alleged that the promissory note was "procured by undue influence" and that Daniels' actions in procuring and retaining the funds violated his fiduciary duties to Leyendecker.

3

{4}     The district court's findings of fact and conclusions of law, with the exception of one conclusion of law, were adopted from Leyendecker's and Daniels' respective requested findings of fact and conclusions of law. The district court determined that Daniels had a fiduciary relationship with Leyendecker, violated his fiduciary obligations to Leyendecker, and unduly influenced Leyendecker. Further, after setting out findings of fact in regard to the position of trust and confidence held by Daniels toward Leyendecker and the fiduciary and confidential relationship that existed, the district court entered the following conclusion of law relating to fraud.

> An omission by a fiduciary is equivalent to civil fraud. *State v. Stettheimer*, 1980-NMCA-023, ¶ 9, 94 N.M. 149, [607 P.2d 1167], citing to *Iriart v. Johnson*, 1965-NMSC-147, ¶ 4, 75 N.M. 745, [411 P.2d 226], citing to [Restatement (Second) of Agency § 390 cmt. a (Am. Law Inst. 1958)] (noting that a fiduciary owes a duty to disclose his self-interest in the transaction, and "all facts affecting the desirability of sale, such as the likelihood of a higher price being obtained later, the possibilities of dealing with the property in another way, and all other matters which a disinterested and skillful agent advising the principal would think reasonably relevant.")[.][2]

[2] We read nothing in these cases or the Restatement provision that supports a broad statement that an omission by a fiduciary is equivalent to civil fraud. The cited case of *Stettheimer*, at most, states that the parties *in that case* agreed that the alleged omission *in that case* would be sufficient to form the basis of an action in civil fraud because the defendant had a fiduciary duty to his client. 1980-NMCA-023, ¶ 9. However, even that interpretation is generous, as *Stettheimer*, was a criminal fraud case that articulated criminal fraud as having an intent element. *Id.* ¶ 4 ("The defendant . . . misrepresented a fact . . . intending to deceive or cheat[.]"). This is a good example of why a district court should refrain from adopting requested conclusions of law such as this one verbatim. *See Los Vigiles Land Grant v. Rebar*

4

The court also entered a conclusion of law that "Daniels' violations of his fiduciary obligations to . . . Leyendecker constitute a form of fraud." The court closed its conclusions of law with this conclusion relating to fraud: "Although the [c]ourt believes that . . . Daniels lacked the subjective intent to defraud . . . Leyendecker, the terms and conditions of the transaction objectively shock the conscience of the [c]ourt." This was the sole conclusion of law that the court did not adopt verbatim or virtually verbatim from the parties' proposed conclusions. This conclusion was apparently entered by the court at Daniels' request based on the following discussion at the close of trial.

> [Defense]: And, your Honor, the only thing that I'd ask, because I think it's significant to the [c]ourt's judgment today, that the judgment include the [c]ourt's finding that . . . Daniels did not subjectively have an intent at issue, but that the [c]ourt found that the transaction objectively shocked the conscience, because I think that's significant and should be included in the judgment.

> [The court]: That would seem appropriate. I truly believe his honest testimony was consistent with that.

The foregoing followed this earlier discussion.

---

*Haygood Ranch, LLC*, 2014-NMCA-017, ¶¶ 2, 14, 317 P.3d 842 (repeating "our continuing concern about the practice of some trial courts of adopting, verbatim, all or virtually all of a prevailing party's extensive requested findings of fact and conclusions of law in complex cases" which can "result in unsupported, ambiguous, inconsistent, overreaching, or unnecessary findings and conclusions").

5

[The court:] Subjectively, I think . . . Daniels had very good intentions. Objectively, this rises to the shock-the-conscience level. A line of credit without a personal guarantee that is used for his personal benefit based on a personal trust relationship does create knowledge of fiduciary duty, but I do believe rises to the level to shock the conscience. It's that inappropriate.

It's unfortunate, . . . Daniels, because, subjectively, I don't believe that was your intention; objectively, that I don't see where I can come to any other conclusion. It was more in the form of almost a personal loan to you . . . rather than a promissory note on a line of credit, and that's the unfortunate conclusion that I feel I have no other alternative but to come to.

The court entered judgment on Leyendecker's mixed fraud/undue influence/fiduciary obligation claim against both Daniels and CEI, Inc., jointly and severally. Only Daniels has appealed, and he has appealed only from the fraud aspect of the judgment.

{5}     Although reversing the fraud portion of the judgment (but not the breach of contract component) would undisputedly leave the monetary judgment undisturbed, the fraud ruling has independent significance insofar as it could impact future proceedings, such as a discharge in bankruptcy. While not ultimately relevant to the outcome of this appeal, it is noteworthy that Leyendecker's protectiveness of the fraud determination is tied to the fact that fraud judgments are not dischargable in bankruptcy. *See* 11 U.S.C. § 523(a)(4) (2014). We mention and consider the dischargability issue only to the extent that Daniels relies on Leyendecker's motive

of obtaining a non-dischargable judgment as evidence that she sought judgment based on traditional fraud and not constructive fraud.

**DISCUSSION**

{6}     Daniels contends that because the district court found in his favor on one of the necessary elements of fraud—intent to defraud—this Court should reverse the inconsistent conclusion of law that Daniels committed fraud. *See Eckhardt v. Charter Hosp. of Albuquerque, Inc.*, 1998-NMCA-017, ¶ 55, 124 N.M. 549, 953 P.2d 722 ("[F]raudulent misrepresentation requires an intent to deceive[.]"); *see also Sachs v. Bd. of Trs. of Town of Cebolleta Land Grant*, 1976-NMSC-076, ¶ 24, 89 N.M. 712, 557 P.2d 209 ("It is a basic rule in New Mexico that where a conclusion conflicts with[] or does not follow[] a finding of fact, the finding of fact controls and the appellate court will apply the proper conclusion of law.").

{7}     Leyendecker responds with an argument asserted for the first time on appeal that the district court did not err because the evidence offered at trial and the court's determinations supported constructive fraud, which does not require an intent to commit fraud or involve intent to deceive. *See Snell v. Cornehl*, 1970-NMSC-029, ¶ 8, 81 N.M. 248, 466 P.2d 94 ("Constructive fraud is . . . a breach of a legal or equitable duty irrespective of the moral guilt of the fraud feasor, and it is not necessary that actual dishonesty of purpose nor intent to deceive exist."). Leyendecker argues that

a constructive fraud claim can be based on breach of a fiduciary relationship and that intent is immaterial, particularly when circumstances of the breach shock the conscience of the court. Leyendecker asserts that in overlooking the district court's findings regarding Daniels' violation of his fiduciary duties, the brief in chief demonstrates Daniels' continuing "willful blindness" to his obligations such that the judgment should not be discharged in bankruptcy.

{8}     In turn, Daniels faults Leyendecker's new constructive fraud argument as having been neither pleaded nor argued in the district court and also as ineffective because, according to federal bankruptcy law, "constructive fraud cannot support denial of a discharge." Along this line, Daniels explains that "because . . . Leyendecker's intent in bringing this fraud claim related . . . solely to an attempt to avoid a discharge, this Court must conclude that [Leyendecker's claim was based on] intentional fraud" and not constructive fraud. According to Daniels, other indicia that Leyendecker claimed intentional and not constructive fraud is that Leyendecker's claim "amounted more to a protective measure to assist with collection than anything substantively different from the breach of contract claim" and further that Leyendecker sought punitive damages in connection with her fraud claim, which are not recoverable under constructive fraud. *See Martinez v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMCA-083, ¶ 32, 132 N.M. 510, 51 P.3d 1164 ("[The plaintiff] does not

provide any authority, nor are we aware of any authority, for the proposition that constructive fraud can support . . . punitive damages. Therefore, we do not consider constructive fraud a viable theory to justify any such award.").

{9}     We agree with Daniels that the pleadings, evidence offered at trial, and arguments made in closing support the view that Leyendecker pursued a traditional fraud claim. Importantly, at trial, Leyendecker testified that she was not aware that she was suing Daniels for fraud and that she did not believe that it was Daniels' intent to defraud her. We also agree that Leyendecker's constructive fraud argument and her apparent argument that a shock-the-conscience finding supports a fraud judgment are not compelling.

{10}     In closing argument, Leyendecker's counsel began by stating that "the only question . . . under the law is [whether] Daniels [is] a fiduciary to . . . Leyendecker[.]" Counsel concentrated on facts showing that fiduciary relationship and the breach of it and noted that, under the law, "an omission by a fiduciary is equivalent to a civil fraud[.]" Later, when discussing Daniels' actions, Leyendecker's counsel said, "[a]nd whether he thought in his own mind or not, we have a victim of fraud sitting here at the table who doesn't have much time left to collect." Leyendecker's counsel did not elsewhere or otherwise mention fraud in the closing argument, nor did he discuss the claim for punitive damages.

{11} In closing argument, Daniels' counsel argued lack of proof of fraudulent intent, and he insightfully explained that "[t]he basic legal problem that [Leyendecker] face[s] and the hurdle [she is] trying to overcome is since [she doesn't] have the ability to prove what would be a standard of fraud, [she is] trying to then bring in this claim that because there's some kind of special relationship between the parties, this [c]ourt should legally [forgo] what would otherwise be required to prove a fraud to hold . . . Daniels individually liable." Leyendecker's counsel wholly ignored defense counsel's assertion that intent was required to prove fraud and never argued that intent was irrelevant because Leyendecker's claim was for constructive fraud.

{12} After the trial was concluded, during a discussion of the parties' pretrial requested findings of fact and conclusions of law, the court rejected Daniels' requested conclusion of law defining the elements of fraud but adopted Daniels' requested conclusion of law that stated each element of fraud must be established by clear and convincing evidence. Leyendecker at no time offered and the court did not independently raise or enter a conclusion of law regarding the elements needed to prove a constructive fraud claim or a conclusion of law that the elements of constructive fraud had been proved.

{13} Yet, as indicated earlier in this Opinion, at the close of the district court's discussions in which it adopted requested findings of fact and conclusions of law, the

court stated that it did not subjectively believe that Daniels intended to commit civil fraud, but that objectively the court adopted Leyendecker's proposed conclusion of law that an omission by a fiduciary is equivalent to civil fraud. Then, shortly afterward, when defense counsel asked the district court to enter a finding that Daniels did not subjectively have an intent to defraud Leyendecker, but that the transaction objectively shocked the conscience of the court, the court entered a conclusion of law stating that although it believed that Daniels lacked the subjective intent to defraud, the terms and conditions of the transaction objectively shocked the conscience of the court.

{14} In sum, at no time before, during, or following trial did Leyendecker's counsel or the court mention constructive or innocent fraud. Leyendecker never proposed a conclusion of law that stated the elements of constructive fraud or identified Leyendecker's particular claim as constructive fraud. There was never an explanation as to what Leyendecker and the court meant in the finding that Daniels' "violations of his fiduciary obligations . . . constitute a form of fraud." Nor was the shock-the-conscience determination tied to any notion of constructive or innocent fraud or supported by case authority. At no time did Leyendecker offer constructive fraud case law. Nor did she move the court to allow a claim for and to consider constructive fraud in conformity with the evidence. During closing, despite Daniels' assertion that

intent was a necessary element in a civil fraud claim, Leyendecker chose not to address the issue or clarify that her claim was for constructive fraud. On the contrary, the record and briefing shows that Leyendecker initially sought punitive damages in connection with her fraud claim and pursued the fraud claim in order to avoid discharge in bankruptcy—both indications that she was pursuing a traditional fraud claim.

{15}    Putting all of the foregoing together, we determine that the district court's fraud determination constituted error. Leyendecker's vague and broad-sweeping pleading, proof, requested findings and conclusions, and argument did not specifically, clearly, and sufficiently alert the district court that she was abandoning intentional fraud or claiming innocent or constructive fraud as some form of effective unintentional fraud substitute based on Daniels' wrongful fiduciary conduct and undue influence. The district court took Daniels' intent out of the picture, apparently attempting to substitute a test or element of "shock the conscience" nowhere shown at trial through case authority to be applicable here as to liability for constructive fraud, much less to intentional fraud. While an argument can be made that, considering all of the circumstances in this case, Leyendecker was actually seeking relief on a claim of constructive fraud or that the district court must have seen Leyendecker's gambit as one in constructive fraud, under the circumstances of how this case was tried, we feel

uncomfortable transforming, on our own, Leyendecker's fraud claim into one of constructive fraud and holding that the court's determination was that of constructive fraud, requiring no intent to defraud.

**CONCLUSION**

{16}    We reverse that aspect of the district court's judgment determining that Daniels defrauded Leyendecker. We therefore instruct the district court to vacate that part of the court's judgment determining that Daniels was liable for fraud.

{17}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**